REVISED JULY 23, 2013

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

July 1, 2013

Lyle W. Cayce
Clerk

No. 12-10897
Summary Calendar

SUSIE M. WARD,

Plaintiff-Appellant

v.

CNH AMERICA, L.L.C., IND. & CASE NEW HOLLAND AMERICA, L.L.C.,
also known as Ford New Holland; SUN LIFE ASSURANCE COMPANY OF
CANADA,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:11-CV-00762-L

Before KING, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Susie M. Ward filed state law claims in Texas state court stemming from
the denial of death benefits under a life insurance policy. The district court
denied Ward leave to amend her pleading and dismissed Ward's state law causes

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

of action on summary judgment. Ward appeals only the denial of leave to amend. We AFFIRM.

Ward was an employee of CNH America, L.L.C., and through CNH enrolled in a life insurance plan with Sun Life Assurance Company of Canada. Although Ward and her husband were married at the time of enrollment, they were divorced at the time of the husband's death in 2009.

CNH and Sun Life removed the action to federal court on the basis of both diversity and federal question jurisdiction. The federal question jurisdiction was based on the argument that Ward's state law claims were completely preempted by the Employee Retirement Income Security Act, or ERISA. Approximately eight months later, after the deadline to amend pleadings had passed and one day prior to the deadline for summary judgment briefing, Ward moved for leave to amend her complaint to restate her claims under ERISA.

The magistrate judge recommended that summary judgment on Ward's state law claims be granted in favor of CNH and Sun Life and that leave to amend the pleading be denied. The district court granted summary judgment in favor of CNH and Sun Life and denied leave to amend. Ward appeals only from the denial of leave to amend.

## DISCUSSION

Ward first argues that a district court order vacating pretrial deadlines rendered her motion for leave to amend timely, such that the district court should have considered the motion under the more liberal standards of Fed. R. Civ. P. 15(a), rather than Rule 16(b). Absent "extraordinary circumstances," arguments not raised to such a degree that the district court has an opportunity to rule on them are waived on appeal. Vogel v. Veneman, 276 F.3d 729, 733 (5th Cir. 2002). Ward did not raise this argument before the district court and has pointed to no extraordinary circumstances justifying that failure. Therefore, Ward has waived this argument.

In the alternative, Ward contends the district court erred in denying leave to amend after the expiration of the scheduling order deadline. "We review for abuse of discretion the district court's denial of leave to amend." S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA, 315 F.3d 533, 536 (5th Cir. 2003). To excuse a failure to meet a scheduling order deadline, a movant must show "good cause." Id. We review a district court's refusal to modify a scheduling order for an abuse of discretion by focusing on these factors: (1) the explanation for lack of a timely motion, (2) the amendment's importance, (3) potential prejudicial impact if allowed, and (4) availability of a continuance to mitigate any prejudice. Id.

First, the good cause inquiry "requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" Id. at 535. Ward conceded before the district court and concedes here that she has "not provided a reasonable explanation for the failure to timely move for leave to amend" and asserts that this failure was simply "an innocent mistake."

Second, the district court accepted the magistrate judge's determination that allowing leave to amend was important.[1] Weighing in favor of this finding is the fact that, as leave to amend was denied in the same order dismissing all of Ward's other claims, denial of leave left Ward with "no remaining theory of recovery." Meaux Surface Protection, Inc. v. Fogleman, 607 F.3d 161, 167 (5th Cir. 2010).

---

[1] Even if Ward were ultimately allowed to amend, it appears – although we do not decide – that her primary claim for benefits under the plan would not succeed. We have recognized "ERISA-estoppel as a cognizable theory." Mello v. Sara Lee Corp., 431 F.3d 440, 444 (5th Cir. 2005). ERISA-estoppel is not permitted, however, on the basis of oral modifications, apparently the only misrepresentation at issue here. See id. at 446.

Third, the district court adopted the magistrate judge's finding of prejudice to defendants, prejudice by way of imposing "additional and avoidable costs" in the form of additional discovery and motion practice. See Parish v. Frazier, 195 F.3d 761, 764 (5th Cir. 1999). In opposition to this finding, Ward argues the need for additional discovery would be unnecessary or "minimal." Yet, discovery, to date, has been minimal and Ward's proposed amended complaint likely invites additional discovery and certainly additional motion practice.

Fourth, the nature of this prejudice does not render it curable by a continuance.

District judges control their dockets by setting and enforcing adherence to reasonable deadlines. See S&W Enters., L.L.C., 315 F.3d at 537. Here, particularly the first factor, but also the third and fourth weigh against Ward. We have previously affirmed the exercise of a district court's discretion to deny leave to amend, when the first and third factors weighed against the movant – emphasizing the first factor. See Fahim v. Marriott Hotel Servs., Inc., 551 F.3d 344, 348 (5th Cir. 2008). In light of the four-factor inquiry into "good cause" on the present set of facts, we cannot say that the district court abused its discretion in refusing to grant leave to amend.

AFFIRMED.