# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-51112
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 30, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JEFFREY ALLAN MCMARYION,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:13-CR-141-1

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Jeffrey Allan McMaryion pleaded guilty, pursuant to a written agreement, to conspiracy to intentionally and knowingly possess with intent to distribute, distribute, and manufacture 280 grams or more of a mixture and substance containing a detectable amount of cocaine base, or crack. The district court sentenced him to 262 months of imprisonment and 10 years of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

supervised release.  McMaryion now appeals his conviction, arguing that there was an insufficient factual basis for his plea.

The Government's threshold contention that McMaryion's appeal is barred by the waiver in his plea agreement is without merit.  As we have previously held, a valid appeal waiver does not bar appellate review of a claim that the factual basis is insufficient to establish the elements of the offense. *United States v. Trejo*, 610 F.3d 308, 312-13 (5th Cir. 2010).  Nevertheless, because McMaryion raises this issue for the first time on appeal, our review is for plain error, as he concedes.  *See United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012).  We consult the entire record in making our assessment. *See Trejo*, 610 F.3d at 317.

In order to prove that a defendant was part of a drug conspiracy, the government must prove three elements: "(1) an agreement between two or more persons to violate the narcotics laws, (2) the defendant's knowledge of the agreement, and (3) the defendant's voluntary participation in the conspiracy." *United States v. Zamora*, 661 F.3d 200, 209 (5th Cir. 2011) (citations omitted). This court has previously explained that "[a] jury may 'infer the existence of an agreement [to a conspiracy] from . . . circumstantial evidence.'" *Id.* (quoting *United States v. Garcia*, 567 F.3d 721, 732 (5th Cir. 2009)).  Further, "[a]n express agreement is not required; a tacit, mutual agreement with common purpose, design, and understanding will suffice." *Zamora*, 661 at 209 (citations omitted).

McMaryion admitted in the factual basis that law enforcement officers found crack, currency, and drug distribution items at the home of codefendants Sanders and Carter; that cooperating defendants stated that McMaryion, Sanders, and Carter manufactured and distributed crack; and that a person identified as "Dino" supplied McMaryion and Sanders with powder cocaine.

No. 13-51112

Further, the presence report provided that McMaryion and Sanders received powder cocaine from their source and took it into Carter's residence to convert it to crack. In addition, the superseding indictment, which was read at rearraignment and the terms of which were recited in the plea agreement, provided that McMaryion, Sanders, and Carter "did combine, conspire, confederate and *agree* together, with each other, and with others . . . to possess with intent to distribute, distribute, and manufacture a controlled substance." (emphasis added). The record as a whole is thus sufficient to permit an inference that McMaryion knowingly entered into an agreement with others to violate narcotics laws and voluntarily participated in that agreement. *See Zamora*, 661 F.3d at 209.

McMaryion's contention that the district court did not explain the meaning of conspiracy, which further affected the sufficiency of the factual basis, likewise fails. The indictment, which charged McMaryion with conspiracy and provided that McMaryion and others agreed to violate drug laws, was read at the rearraignment and McMaryion repeatedly affirmed that he understood the charges and that he had no questions about the charges. He also affirmed reviewing the indictment with counsel. The plea agreement likewise recited the terms of the indictment, and McMaryion averred that he understood the plea agreement. On this record, we find no reversible plain error. *See United States v. Reyes*, 300 F.3d 555, 559-60 (5th Cir. 2002).

AFFIRMED.