# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 28, 2023

Lyle W. Cayce
Clerk

No. 21-50450

United States of America,

*Plaintiff—Appellee*,

*versus*

Jeffrey Allan McMaryion,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:13-CR-141-1

Before Higginbotham, Jones, and Oldham, *Circuit Judges*.
Andrew S. Oldham, *Circuit Judge*:

Jeffrey McMaryion, a federal prisoner, appeals the denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1). We affirm.

I.

McMaryion pleaded guilty to conspiracy to possess with intent to distribute 280 grams or more of a substance containing cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A). That offense, combined with McMaryion's extensive criminal history, generated a Guidelines range of 262 to 327 months in prison. The district court (Junell, J.) sentenced him at the

No. 21-50450

bottom of that range to 262 months, plus 12 months for the revocation of a previous supervised-release term, for a total prison term of 274 months. McMaryion appealed, and we affirmed. *See United States v. McMaryion*, 583 F. App'x 399, 401 (5th Cir. 2014) (per curiam).

On November 16, 2020, McMaryion filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1). By the time McMaryion filed that motion, the case had been transferred to Judge Counts. The Government filed an opposition. Then Judge Counts denied the motion as follows: "After considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, the Court DENIES the Defendant's Motion on its merits." ROA.631.

McMaryion again appealed. We review questions of law de novo and the ultimate decision to deny compassionate release for abuse of discretion. *See United States v. Escajeda*, 58 F.4th 184, 186 (5th Cir. 2023).

## II.

The First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), allows a prisoner to move for a sentence reduction under certain circumstances. The one at issue here is colloquially called "compassionate release." *See United States v. Shkambi*, 993 F.3d 388, 390–92 (5th Cir. 2021) (describing the history of compassionate release). As relevant here, a prisoner can move for compassionate release when "extraordinary and compelling reasons warrant" a reduction of his sentence. *See* 18 U.S.C. § 3582(c)(1)(A)(i). As we recently explained, this statutory phrase requires a prisoner to show he "face[s] some extraordinarily severe exigency, not foreseeable at the time of sentencing, and unique to the life of the prisoner" that leads "irresistibly" to the conclusion that this prisoner has a "singular" and "remarkable" need for early release. *See Escajeda*, 58 F.4th at 186.

No. 21-50450

McMaryion offers four reasons for his § 3582(c)(1) motion. The first three are not cognizable bases for compassionate release. The fourth does not have merit.

First, McMaryion raises substantive challenges to the legality of his confinement. Specifically, McMaryion argues that his trial and appellate counsel were ineffective and that the Government breached his plea agreement. But because these claims are cognizable under 28 U.S.C. § 2255, they are not cognizable under 18 U.S.C. § 3582(c). *See Escajeda*, 58 F.4th at 186–88.

Second, McMaryion argues that he should get a sentence reduction because the First Step Act reduced the statutory minimums applicable to his offenses. But Congress did not make those reductions retroactive. And a prisoner may not leverage non-retroactive changes in criminal law to support a compassionate release motion, because such changes are neither extraordinary nor compelling. *See, e.g.*, *United States v. Jenkins*, 50 F.4th 1185, 1198–1200 (D.C. Cir. 2022) (so holding); *United States v. McCall*, 56 F.4th 1048, 1065–66 (6th Cir. 2022) (en banc) (same). Rather, "in federal sentencing the *ordinary* practice is to apply new penalties to defendants not yet sentenced, while withholding that change from defendants already sentenced." *Dorsey v. United States*, 567 U.S. 260, 280 (2012) (emphasis added). This ordinary practice reflects a "presumption against retroactive legislation" that is "deeply rooted in our jurisprudence" and that "embodies a legal doctrine centuries older than our Republic." *Landgraf v. USI Film Prods.*, 511 U.S. 244, 265 (1994). We may not usurp the legislative prerogative and use 18 U.S.C. § 3582(c)(1) to create retroactivity that Congress did not. *See United States v. Wiltberger*, 18 U.S. (5 Wheat.) 76, 95 (1820) ("It is the legislature, not the Court, which is to define a crime, and ordain its punishment.").

Third, McMaryion briefly suggests that an amendment to the United States Sentencing Guidelines favors his early release. McMaryion did not adequately present this argument to the district court, however, so it is forfeited. *See Rollins v. Home Depot*, 8 F.4th 393, 397–99 (5th Cir. 2021). And in any event, changes to the Sentencing Guidelines can give rise to relief under 18 U.S.C. § 3582(c)(2), not § 3582(c)(1). *See United States v. Lyons*, 25 F.4th 342, 344–46 (5th Cir. 2022) (describing review of a § 3582(c)(2) motion).

McMaryion's fourth and final argument is the only one that states a possibly cognizable basis for compassionate release—namely, that COVID-19 constitutes an "extraordinary and compelling" reason for his release. To support this argument, McMaryion suggests that his prior COVID-19 infection and general ill health place him at greater risk from COVID-19 relative to the broader population.

We have said that a late-stage, terminal prognosis can constitute an extraordinary and compelling basis for a § 3582(c)(1) motion. *See United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020). But it is the actuality, not the risk, of terminal illness that makes a prisoner's circumstances extraordinary. We have repeatedly denied relief in cases where prisoners sought compassionate release due to fear of communicable disease, even when those prisoners were in poor health. *See United States v. Thompson*, 984 F.3d 431, 432–34 (5th Cir. 2021) (denying relief to a hypertensive stroke survivor concerned by COVID-19); *United States v. Rodriguez*, 27 F.4th 1097, 1098–1100 (denying relief where COVID-19 fearing movant suffered from heart failure). Our precedent thus compels denial of McMaryion's motion.

### III.

Separately, McMaryion argues that the district court committed procedural error by perfunctorily denying his § 3582(c) motion. Even if the district court committed procedural error, McMaryion would not be entitled to a remand. That's because a procedural error is by definition harmless where, as here, the prisoner's arguments fail on the merits. *See* FED. R. CRIM. P. 52(a) ("Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded.").

And in any event, the district court did not procedurally err. True, we require that a district court provide a reason for its denial of a prisoner's compassionate release motion. *See Chambliss*, 948 F.3d at 693. Here, the district court denied McMaryion's motion "[a]fter considering the applicable factors provided in 18 U.S.C. § 3553(a)." So the district court provided a reason: it considered the § 3553(a) factors and found them wanting. We've already determined that such reasoning suffices. *See Escajeda*, 58 F.4th at 188 (upholding an identical order because the district court "did not need to say more").

The dissent highlights past occasions in which we required greater explication when the district judge deciding a compassionate release motion did not originally sentence the movant. *See United States v. Sauseda*, No. 21-50210, 2022 WL 989371, at *2 (5th Cir. 2022) (per curiam). The *Sauseda* panel based its judgment on perceived inability to impute reason for the compassionate release decision from sentencing. *See ibid.* Another panel relied on *Sauseda* to decide a similar case. *See United States v. Suttle*, No. 21-50576, 2022 WL 1421164, at *1 (5th Cir. 2022) (per curiam). The dissent suggests we extend *Sauseda* again and find that the district court procedurally erred here too.

We decline to do so for three principal reasons.

No. 21-50450

First, *Sauseda* is distinguishable. There the Government did not file a response opposing the prisoner's § 3582(c)(1) motion, so our court was unsure what reasons informed or could have informed the district court's denial of the motion. *See Sauseda*, 2022 WL 989371, at *2. Here, the district court ordered the Government to respond to McMaryion's petition and considered that response before denying relief.

Second, *Sauseda* and *Suttle* are non-binding, unpublished decisions. *See* 5TH CIR. R. 47.5. And they diverge from the bulk of our authorities upholding succinct district court decisions on § 3582(c)(1) motions. We have repeatedly affirmed on facts materially identical to this case. *See United States v. Shorter*, 850 F. App'x 327, 328 (5th Cir. 2021) (per curiam) (affirming an identical order where the issuing judge, the same judge as in McMaryion's case, was not the original sentencing judge); *United States v. White*, No. 21-50943, 2022 WL 1699467, at *1 (5th Cir. 2022) (per curiam) (same); *United States v. Franco*, No. 21-50041, 2022 WL 1316218, at *1 (5th Cir. 2022) (per curiam) (same); *United States v. Escobedo-Aragon*, No. 22-50003, 2023 WL 130420, at *1 (5th Cir. 2023) (per curiam) (same). Each of these cases featured a § 3582(c)(1) motion denial, phrased substantially the same as in this case, issued by a judge who did not sentence the defendant originally. So, if appeals to unpublished authority are persuasive, then the lion's share makes clear that on McMaryion's exact facts, the district court did not err.[*]

---

[*] Our court has recognized this conflict in our unpublished opinions but has deferred resolving it. *See United States v. Handlon*, 53 F.4th 348, 352 (5th Cir. 2022) ("We need not resolve how *Suttle* and *White* should be reconciled because this case is more extreme."). The dissent notes that in some of these cases, the appellant did not challenge the district judge's explanation. But even if that's so, the dissent does not (and cannot) dispute that district courts routinely deny § 3582(c)(1) motions in brief orders, and we routinely affirm them. To the extent we can infer anything from other defendants' failures to argue that a procedural error must be corrected even in the absence of a merits problem,

No. 21-50450

Third, *Chavez-Meza v. United States*, 138 S. Ct. 1959 (2018), supports our approach. In that case, the Supreme Court emphasized that context and "circumstances" determine "the appropriateness of brevity" in § 3582(c) orders. *Id.* at 1964 (quotation omitted). And it conspicuously *refused* to hold that district courts must use the same procedural rigor in original sentencing hearings and § 3582(c) orders. *See id.* at 1965 ("Even assuming (*purely for argument's sake*) district courts have equivalent duties when initially sentencing a defendant and when later modifying the sentence . . . ." (emphasis added)).

Here, the relevant "circumstances" are that McMaryion *already received* a procedurally rigorous and proper sentencing hearing, and afterwards he asked the district court to revisit it under § 3582(c). Further, these "circumstances" are colored by vast discretion in ways that original sentences are not. *See* 18 U.S.C. § 3582(c)(1)(A) ("the court . . . *may* reduce the term of imprisonment" (emphasis added)); *cf.* 18 U.S.C. § 3553(a) ("[t]he court *shall* impose a sentence" (emphasis added)). That's precisely why the Supreme Court has said the appropriate procedure in a § 3582(c) proceeding at most reflects a "limited adjustment" not "a plenary resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 826 (2010). That statement in *Dillon* reflects an old determination in our law: that procedural requirements attendant to legal decisions should vary with the weight of the interests at stake. *See Mathews v. Eldridge*, 424 U.S. 319, 334 (1976). A defendant's interest in his § 3582(c)(1) motion is far lower than his interest in his plenary sentencing—especially when the absence of a second

it's that most people recognize the harmless error rule that governs federal criminal proceedings.

or successive bar in § 3582(c)(1) may allow him to commandeer the attention of a federal court by filing the same motion again and again.

*Concepcion v. United States*, 142 S. Ct. 2389 (2022), is not to the contrary. In that case, the question was whether a federal judge *could* consider intervening changes in facts and law in adjudicating a sentence-reduction motion under § 404 of the First Step Act. *See id.* at 2396. Section 404 "allows a district court to impose a reduced sentence 'as if' the revised penalties for crack cocaine enacted in the Fair Sentencing Act of 2010 were in effect at the time the offense was committed." *Ibid.* The district court thought it did not have discretion under § 404 to consider any other changes to facts and law in considering whether to reduce the defendant's crack-cocaine sentence. *See ibid.* The Court reversed and held that, in considering a § 404 motion, the district court retained all the traditional discretion that federal judges have at the original sentencing hearing to consider all available facts and law — including intervening changes between the original sentencing hearing and the § 404 motion. *See id.* at 2401–02, 2404.

The *Concepcion* Court referenced § 3582(c) only to say that Congress knew how to limit district courts' consideration of information when Congress wanted. *See id.* at 2401. That's because § 3582(c)(2) "expressly cabin[s] district courts' discretion by requiring courts to abide by the Sentencing Commission's policy statements." *Ibid.*; *see also* 18 U.S.C. § 3582(c)(2) (authorizing a sentence reduction only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission"). Congress imposed no such limits in § 404. Further, the *Concepcion* Court made express that a district court "may . . . dismiss arguments that it does not find compelling without a detailed explanation" and that "a brief statement of reasons" suffices for a decision on a First Step Act motion. 142 S. Ct. at 2404.

No one doubts that district courts enjoy wide discretion when considering compassionate-release motions. That includes discretion to offer lengthy explanations for denying relief under § 3582(c). The question here, however, is not whether the district court *could* offer a lengthy explanation after considering myriad factors—it's whether the district court *must*. Nothing in *Concepcion* or our precedent requires the second proposition. And we can find nothing in § 3582(c) that suggests Congress required a lengthy explanation by a district court denying a § 3582(c) motion. It would be especially inappropriate to add procedural requirements to § 3582(c) where Congress omitted them and also omitted number and timeliness limitations. *Cf.* 28 U.S.C. § 2244(b), (d). The contrary view urged by our esteemed colleague in dissent would impose endless procedural obligations on district courts—including in cases, like this one, where the § 3582(c) motion is undisputedly meritless.

We hold a district court may deny relief under § 3582(c) by stating that the § 3553(a) factors do not favor relief, or alternatively, that the movant's preferred grounds for relief are not extraordinary and compelling. The district court met that standard here.

AFFIRMED.

No. 21-50450

Patrick E. Higginbotham, *Circuit Judge*, dissenting:

I would hold that the able district court insufficiently explained its reasoning, a procedural error necessitating vacatur and remand, and would not reach the merits of McMaryion's motion.

## I.

It is common ground that a district court, when denying a motion for a sentence reduction, must articulate the reasons, and failing to do so is error.[1] The majority holds that the district court's recital—"the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission"—sufficiently explains its denial of McMaryion's motion. I must disagree.

Beginning with the end, the majority writes: "Even if the district court committed procedural error, McMaryion would not be entitled to a remand. That's because a procedural error is by definition harmless where, as here, the prisoner's arguments fail on the merits."[2] The majority here collapses a district court's duty to articulate its reasons and the merits of McMaryion's plea for a reduction. Simply put, it erases the obligation to articulate a court's reasons. In doing so, it fails to honor the distinct mission of articulation whether in open court or in a filed order.

One's right to a procedurally reasonable sentence—including the adequacy of the explanation—is distinct from the right to a substantively

---

[1] *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

[2] Op. at 5 (citing Fed. R. Crim. P. 52(a)).

reasonable sentence. As the Supreme Court has explained, an appellate court "must *first* ensure that the district court committed no significant procedural error, such as . . . failing to adequately explain the chosen sentence," and *only* once it has determined procedural soundness may it then "consider the substantive reasonableness of the sentence imposed."[3] In other words, the defendant has a right not only to a fair denial, but also an *independent* right to know why.

The natural extension of the majority's position makes this plain: taken to its logical end, a defendant can never successfully vindicate the right to a sufficient explanation if the outcome is substantively reasonable, as the defendant could never make the requisite showing that the sentence would be modified upon such a showing. This elides the obligation to explain and would give rise to the sort of "absurd result[]" this Court aims to avoid,[4] acutely in the criminal law arena.

This is no check the box exercise. A district court judge failing to adequately explain *what* the judge found persuasive in sentencing and in § 3582(c) orders comes at a cost. First, their functional role: explanations are required to animate the standard of review appellate courts apply to district court orders of this genre. As the abuse-of-discretion standard "does not preclude an appellate court's correction of a district court's legal or factual

---

[3] *Gall v. United States*, 552 U.S. 38, 50 (2007) (emphasis added).

[4] *United States v. Holbrook*, 499 F.3d 466, 469 n.2 (5th Cir. 2007) (citing *United States v. Austin*, 479 F.3d 363, 368–69 (5th Cir. 2007)).

No. 21-50450

error,"[5] the error must be discernable or "identifiable" for review.[6] Second, explanations serve systemic aims such as "promot[ing] the perception of fair sentencing."[7] As the Supreme Court has stated, "[c]onfidence in a judge's use of reason underlies the public's trust in the judicial institution," and "[a] public statement of those reasons helps provide the public with the assurance that creates trust,"[8] this with the Supreme Court's further guidance that the degree and depth of the articulation required depends "upon the circumstances of the particular case."[9] In sum, to deprive the relevant entities of vital information as to the denial of any incarcerated individual's § 3582(c) motion creates a harm in its own right that stifles a more complete understanding of an ever-evolving criminal justice landscape that is rightly subject to ongoing adjustments.

---

[5] *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 572 U.S. 559, 563 n.2 (2014).

[6] *United States v. Sauseda*, No. 21-50210, 2022 WL 989371, at *1 (5th Cir. Apr. 1, 2022) (unpublished) (per curiam).

[7] *United States v. Mondragon-Santiago*, 564 F.3d 357, 362 (5th Cir. 2009) (quoting *Gall*, 552 U.S. at 50). This provision was also enacted: "to inform the defendant and the public of the reasons why the offender is subject to that particular guideline and in order to guide probation officers and prison officials to develop a program to meet his needs"; to "provide[] information to criminal justice researchers evaluating the effectiveness of various sentencing practices in achieving their stated purposes"; and to "assist[] the sentencing commission in its continuous reexamination of its guidelines and policy statements." S. REP. NO. 98-225, at 80 (1983). *See also United States v. Molina*, 356 F.3d 269, 277 (2d Cir. 2004) (discussing these policy rationales).

[8] *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1964 (2018) (emphasis added) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)).

[9] *Id.* at 1965.

No. 21-50450

## II.

Tucked away at the end of the opinion, the majority questions the procedural requirements for adjudicating § 3852(c) motions, asserting that the Supreme Court did not expressly hold that a district court is obligated to use "the same procedural rigor in original sentencing hearings and § 3582(c) orders."[10] I do not suggest that, upon a motion for compassionate release, the district court must engage in a "plenary resentencing proceeding"[11] such as an in-person hearing. It is rather that a defendant is entitled to an adequate explanation, in some form or fashion, as to why his motion was denied.

Recent Supreme Court precedent dictates this conclusion. In *Concepcion v. United States*, the Supreme Court directly tied sentencing jurisprudence to deciding § 3582(c)(2) motions, noting that "under the Court's sentencing jurisprudence, [] when deciding a First Step Act motion, district courts *bear the standard obligation to explain their decisions* and demonstrate that they considered the parties' arguments."[12] Further, citing to *Rita*—a sentencing case—the High Court repeated that a district court must "articulate . . . a brief statement of reasons" and that "[n]othing in the First Step Act contravenes th[is] background principle[]."[13] In other words, the Supreme Court has made clear that the "procedural rigor" in denying

---

[10] Op. at 7 (citing *Chavez-Meza*, 138 S. Ct. at 1965).

[11] *Dillon v. United States*, 560 U.S. 817, 826 (2010).

[12] 142 S. Ct. 2389, 2404 (2022) (emphasis added).

[13] *Id.* (citing *Rita*, 551 U.S. at 356).

No. 21-50450

§ 3582(c) motions includes a requirement that the district court sufficiently explain itself, whether in an order or at a hearing.

This Court has held as much. Three years ago, this Court made clear that in denying § 3582(c) orders, "the district court *must provide specific factual reasons*, including but not limited to due consideration of the § 3553(a) factors, for its decision."[14] Then last year, we affirmed in published precedent a denial where "[t]he district court *sufficiently stated its reasons for denying compassionate release* and did not clearly err in assessing the evidence when weighing the § 3553(a) sentencing factors," evaluating each right separately.[15] Additional unpublished opinions have assumed such "procedural rigor" when evaluating a district court's denial of a motion for compassionate release.[16]

In sum, a defendant has the procedural right to a sufficient explanation of a denial for compassionate release, whether it takes the form of a statement in open court or an issued order—nothing more, nothing less.

---

[14] *Chambliss*, 948 F.3d at 693 (footnote omitted) (emphasis added).

[15] *United States v. Rollins*, 53 F.4th 353, 359 (5th Cir. 2022)

[16] *See, e.g.*, *United States v. Yrdanoff*, No. 22-10484, 2022 WL 17713067, at *1 (5th Cir. Dec. 14, 2022) (unpublished) (evaluating the sufficiency of the district court's articulation based on *Chambliss*); *United States v. Maldonado*, No. 21-30188, 2022 WL 565618, at *1 (5th Cir. Feb. 24, 2022) (unpublished) (per curiam) (same); *United States v. Viator*, No. 20-11235, 2022 WL 256345, at *1 (5th Cir. Jan. 26, 2022) (unpublished) (per curiam) (same); *United States v. Thompson*, No. 21-40169, 2021 WL 5021973, at *1 (5th Cir. Oct. 28, 2021) (unpublished) (per curiam) (same).

No. 21-50450

### III.

Having established the procedural requirement of a sufficient explanation, we turn to the order at issue. The majority holds that the district court's explanation was sufficient. I disagree.

It is true that this Court has upheld such perfunctory orders at least once in a published case in response to a motion filed under § 3582(c).[17] And, in *Chavez-Meza*, the Supreme Court observed that "[i]n *some* cases, it may be sufficient for purposes of appellate review that the judge simply relied upon the record, while making clear that he or she has considered the parties' arguments and taken account of the § 3553(a) factors."[18] Yet, affirming such a terse order is appropriate *only* when the district judge has already offered explanation in the original sentencing decision sufficient for appellate courts to undertake effective and thoughtful review of the denial, brevity in its order notwithstanding.[19]

In *United States v. Sauseda*, an unpublished decision, we vacated an identically barren order where the sentencing district court judge was not the

---

[17] Op. at 5 (citing *United States v. Escajeda*, 58 F.4th 184, 188 (5th Cir. 2023)).

[18] *Chavez-Meza*, 138 S. Ct. at 1965 (emphasis added).

[19] For example, in *Escajeda*, District Judge Counts—the judge here—sentenced the defendant *and* decided his motion for a sentence reduction. And at sentencing, the able judge went to great lengths to explain the defendant's sentencing, detailing his extensive criminal history as justifying a Guidelines sentence. *See* Sentencing Transcript at 4–10, *United States v. Escajeda*, No. 18-CR-239 (W.D. Tex. May 16, 2019) (Dkt. No. 55). Accordingly, this Court could clearly discern the judge's reasoning for denying the reduction despite an identically barren order denying a motion for a reduction in sentence.

same judge who denied the defendant's motion to reduce his sentence.[20] The Court reasoned that because the judge deciding the § 3582(c) motion had not sentenced the defendant, absent additional information in the § 3582(c) denial, this Court could not reasonably discern the judge's reasons for the denial.[21]

The majority cuts *Sauseda* at the pass, holding that it should not be extended and adopted into published precedent for three reasons: (1) it is distinguishable;[22] (2) it and one follow-on case[23] stand opposed to "the lion's share" of other unpublished cases that purportedly take an opposing view;[24] and (3) the Supreme Court's decision in *Chavez-Meza* forecloses *Sauseda*.[25] None persuade.

## A.

The majority distinguishes *Sauseda*, observing that "[t]here[,] the Government did not file a response," whereas "[h]ere, the district court ordered the Government to respond to McMaryion's petition and considered that response before denying relief."[26] This interpretation fails to engage the record.

---

[20] *See generally Sauseda*, 2022 WL 989371.

[21] *See id*. at *2–3.

[22] Op. at 6.

[23] *United States v. Suttle*, No. 21-50576, 2022 WL 1421164 (5th Cir. 2022) (unpublished) (per curiam).

[24] Op. at 6.

[25] *Id*. at 7.

[26] *Id*. at 6.

No. 21-50450

McMaryion pled guilty in 2013 and judgment against him was entered in November of that year.[27] His petition for certiorari was denied in March 2015.[28] In July 2018, he moved to unseal a search warrant that produced the evidence in the case.[29] It was denied as moot two months later.[30] In December 2018, McMaryion moved to compel the Government to produce documents, which the Court also denied as moot several months later after the Government furnished the records in question.[31]

By contrast, McMaryion's motion for compassionate release[32] merited a detailed response. It is axiomatic that "[d]istrict judges control their dockets by setting and enforcing adherence to reasonable deadlines."[33] So the able district judge filed a 2-sentence order requiring the Government

---

[27] *See* Judgment in a Criminal Case, *United States v. McMaryion*, No. 13-CR-141-1 (W.D. Tex. Nov. 14, 2013) (Dkt. No. 127).

[28] Notice, *United States v. McMaryion*, No. 13-CR-141-1 (W.D. Tex. Mar. 3, 2015) (Dkt. No. 150).

[29] Motion, *United States v. McMaryion*, No. 13-CR-141-1 (W.D. Tex. July 3, 2018) (Dkt. No. 165).

[30] Order Regarding Search Warrant, *United States v. McMaryion*, No. 13-CR-141-1 (W.D. Tex. Sept. 14, 2018) (Dkt. No. 166).

[31] Petitioner's Motion for Issuance of Show Cause Order, *United States v. McMaryion*, No. 13-CR-141-1 (W.D. Tex. Dec. 11, 2018) (Dkt. No. 167); Order Mooting Petitioner's Motion to Compel, *United States v. McMaryion*, No. 13-CR-141-1 (W.D. Tex. Mar. 5, 2019) (Dkt. No. 169).

[32] Motion, *United States v. McMaryion*, No. 13-CR-141-1 (W.D. Tex. Nov. 16, 2020) (Dkt. No. 170).

[33] *Ward v. CNH Am., L.L.C., Ind.*, 534 F. App'x 240, 242 (5th Cir. 2013) (unpublished) (per curiam), as revised (July 23, 2013) (citing *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 537 (5th Cir. 2003)).

to respond,[34] which it may not have otherwise done in light of the action's then history. In other words, that one of McMaryion's previous filings neither warranted nor received the Government's attention and the other simply remained pending on the docket suggests that Judge Count's order was, at best, administrative, ensuring that the Government weighed in as appropriate and that the motion did not languish.

And respond the Government did: over 240 pages, inclusive of exhibits.[35] The Government put forward multiple arguments as to why the district court should have denied McMaryion's motion.[36] Yet the judge's ultimate decision did not point to any one argument as persuasive, betraying the fact that while the court had ample evidence before it, the explanation was insufficient. In sum, the procedural posture of this action with its order to respond and voluminous response does not bear on the sufficiency of the explanation at issue.

## B.

The lynchpin of the majority's argument is that *Sauseda* and *Suttle* are wrong and ought not be extended. These "non-binding, unpublished decisions," the majority contends, "diverge from the bulk of our authorities upholding succinct district court decisions on § 3582(c)(1) motions. . . . So,

---

[34] Order to File Response, *United States v. McMaryion*, No. 13-CR-141-1 (W.D. Tex. Nov. 20, 2020) (Dkt. No. 171).

[35] Government's Response to Defendant's Sentence-Reduction Motion, *United States v. McMaryion*, No. 13-CR-141-1 (W.D. Tex. Dec. 28, 2020) (Dkt. No. 173) (filed under seal).

[36] *See id.*

if appeals to unpublished authority are persuasive, then the lion's share makes clear that on McMaryion's exact facts, the district court did not err."[37]

The number of unpublished opinions here matters not. The persuasive force of unpublished opinions aside, looking to the underlying facts in the purported "lion's share" finds the majority of such cases is no cohesive pride, but rather a distinct species.

The four cases in question are: *United States v. Shorter*, 850 F. App'x 327, 328 (5th Cir. 2021) (unpublished) (per curiam); *United States v. White*, No. 21-50943, 2022 WL 1699467, at *1 (5th Cir. 2022) (unpublished) (per curiam); *United States v. Franco*, No. 21-50041, 2022 WL 1316218, at *1 (5th Cir. May 3, 2022) (unpublished) (per curiam); *United States v. Escobedo-Aragon*, No. 22-50003, 2023 WL 130420, at *1 (5th Cir. Jan. 9, 2023) (unpublished) (per curiam).

In *United States v. White*, this Court affirmed an identically barren order denying a motion for compassionate release, but as noted in the opinion, "White's opening brief raises no challenges to the district court's analysis, and he has thus abandoned such arguments."[38] In *United States v. Franco*, this Court again affirmed an identical order where the defendant's argument rested on whether "the district court abused its discretion by treating U.S.S.G. § 1B1.13 as binding" as well as if it "fail[ed] to consider factors showing that he is not a danger to the community."[39] Said differently,

---

[37] Op. at 6.

[38] *White*, 2022 WL 1699467, at *1.

[39] 2022 WL 1316218, at *1.

the *Franco* defendant simply did not bring a claim based on the adequacy of the district court's explanation.[40] Neither did the defendant in *Escobedo-Aragon*. There, the challenge to the order was that it "failed to address or resolve his challenge to the erroneous career offender designation" because "it is the duty of the district court to address *all claims* in a motion."[41] Not so. As the Supreme Court stated in *Concepcion*, "[t]he First Step Act does not 'require courts to expressly rebut each argument' made by the parties."[42] Thus, *Escobedo-Aragon* does not address the issue now before this Court.

This leaves *Shorter*, a case parallel to this action where the defendant challenged as "ad hoc" a similarly barren order denying a sentence reduction[43] that was affirmed as sufficient.[44] *Shorter* must give way to *Sauseda*, as it failed to engage the importance of a handoff to another judge— the crucial question at issue—rendering it minimally persuasive, if at all.[45] *Sauseda* not only analyzed the subject at issue, but did so persuasively[46]:

---

[40] *See id.*

[41] Brief for Appellant at 2–3, *Escobedo-Aragon*, 2023 WL 130420 (Dkt. No. 12) (emphasis added).

[42] *Concepcion*, 142 S. Ct. at 2404 (quoting *United States v. Maxwell*, 991 F.3d 685, 694 (6th Cir. 2021)).

[43] *See* Brief for Appellant at 11–13, *Shorter*, 850 F. App'x 327 (Dkt. No. 18).

[44] *See generally* 850 F. App'x 327.

[45] *See, e.g.*, *United States v. Rodriguez-Bernal*, 783 F.3d 1002, 1008 (5th Cir. 2015) (holding that "[u]npublished cases are not binding precedent" and that "there is little persuasive value to [] pronouncement[s] [where] there was no accompanying analysis"). Indeed, to the extent the other above-mentioned unpublished cases are applicable, they similarly do not grapple with this question.

[46] *Cf. United States v. Narvaez*, 452 F. App'x 488, 493 (5th Cir. 2011) (unpublished) (per curiam) (describing an unpublished opinion as "persuasive" because "it represents a

No. 21-50450

absent a specific jurist's discussion at sentencing and against a barren denial, "nothing in the record on appeal [would] illumine how the district court determined that [the] motion should be denied other than the bare conclusions of the order."[47]

This design creates an easily applicable framework. Where a sentencing judge has articulated the considerations animating the sentence and then denies a motion for a sentence reduction, we would uphold orders as terse as the one now before us because, "when the order is considered together with the record," our appellate review would not be frustrated and the values of articulation would have been served.[48] Conversely, where the judge deciding the motion for a reduction was not the initial sentencing judge and decides the motion on the papers, we would require more than an isolated reference to § 3553, as "the original sentencing transcript [would] not reflect the latter judge's factual reasons for their § 3582(c)(1)(A) decision."[49] Failing to erect such a framework inappropriately nullifies a defendant's distinct right to a procedurally reasonable denial.

---

reasoned analysis of a similar factual pattern"); *Brewster v. Dretke*, 587 F.3d 764, 768 n.1 (5th Cir. 2009) (stating similarly).

[47] *Sauseda*, 2022 WL 989371, at *2; *see also Suttle*, 2022 WL 1421164, at *1 (relying upon *Sauseda* to hold an identical order insufficient). As *Suttle* noted, "[a]lthough *Sauseda* is not 'controlling precedent,' it 'may be [cited as] persuasive authority.'" 2022 WL 1421164, at *1 (quoting *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006)).

[48] *United States v. Perales*, No. 21-10611, 2022 WL 1978700, at *2 (5th Cir. June 6, 2022) (unpublished) (per curiam).

[49] *United States v. Jones*, 980 F.3d 1098, 1113–14 (6th Cir. 2020).

No. 21-50450

## C.

Finally, the majority contends that *Chavez-Meza* "supports [its] approach."[50] Once more, I disagree.

In *Chavez-Meza*, the Supreme Court discussed at *length* the district court's reasoning for imposing the initial sentence:

> At petitioner's original sentencing, he sought a variance from the Guidelines range (135 to 168 months) on the ground that his history and family circumstances warranted a lower sentence. The judge denied his request. In doing so, the judge noted that he had "consulted the sentencing factors of 18 U.S.C. 3553(a)(1)." He explained that the "reason the guideline sentence is high in this case, even the low end of 135 months, is because of the [drug] quantity." He pointed out that petitioner had "distributed 1.7 kilograms of actual methamphetamine," a "significant quantity." And he said that "one of the other reasons that the penalty is severe in this case is because of methamphetamine." He elaborated this latter point by stating that he had "been doing this a long time, and from what [he] gather[ed] and what [he had] seen, methamphetamine, it destroys individual lives, it destroys families, it can destroy communities."[51]

The Supreme Court emphasized that the judge adjudicating the motion "was the *same* judge who had sentenced petitioner originally."[52] Given the district court's original discussion at sentencing, the Supreme Court continued, "it is unsurprising that the judge considered a sentence somewhat higher than

---

[50] Op. at 7.

[51] *Chavez-Mesa*, 138 S. Ct. at 1966–67 (record citation omitted).

[52] *Id.* at 1967 (emphasis added).

the bottom of the reduced range to be appropriate."[53] Indeed, the High Court explained, the order was permissible despite its concision because, after the district court's lengthy discussion on the topic, appellate review was already possible: "there was not much else for *the judge* to say."[54] As the initial and subsequent sentencing judge here are not the same, *Chavez-Meza* is inappropriately extended to the case before us, and the majority's omission of this crucial part of "the relevant 'circumstances'" at issue in *Chavez-Meza* betrays its application here.[55]

Nowhere is this principle more evident than in *United States v. Montoya-Ortiz*,[56] overlooked by the majority. There, a defendant was sentenced in 1992 by District Judge Benton.[57] The case was then reassigned to multiple district judges for resolution of post-sentencing matters.[58] By 2019, when the defendant moved for a reduction in sentence, the case had been again re-assigned to District Judge Counts, who heard the motion.[59] Judge Counts issued a "fifteen-page order" engaging with and responding to

---

[53] *Id.*

[54] *Id.* (emphasis added).

[55] Op. at 7.

[56] No. 21-50326, 2022 WL 2526449 (5th Cir. July 7, 2022) (unpublished) (per curiam).

[57] *See generally United States v. Reymundo Montoya-Ortiz*, No. 91-CR-95-DC-2 (W.D. Tex.) (docket).

[58] *See generally id.*

[59] *See generally id. See also* Order, *United States v. Reymundo Montoya-Ortiz*, No. 91-CR-95-DC-2 (W.D. Tex. July 2, 2020) (Dkt. No. 152) (denying defendant's motion).

the defendant's various arguments, ultimately denying it.[60] Following that denial, the defendant again moved for a reduction, prompting a "perfunctory one-page" order by Judge Counts.[61] That "the district judge who denied Montoya-Ortiz's motion is not the same one who sentenced him," we said, "counsel[ed] against imputing any findings to the district court."[62] In fact, the panel said in no uncertain terms that given this posture, "[t]aken alone, the perfunctory one-page order on appeal *would not be enough to avoid [remand]*."[63] But given the depth of the district judge's earlier denial, which "considered the propriety of reducing his sentence in light of the case's posture," affirmance was appropriate.[64] *Montoya-Ortiz* makes clear, then, that the *specific* district judge's thinking must somehow be on clear display—be it in the initial sentence or via a prior order denying a reduction in sentence—otherwise remand is required.[65]

---

[60] *Montoya-Ortiz*, 2022 WL 2526449, at *3; *see also* Order, *United States v. Reymundo Montoya-Ortiz*, No. 91-CR-95-DC-2 (W.D. Tex. July 2, 2020) (Dkt. No. 152) (denying defendant's motion).

[61] *Montoya-Ortiz*, 2022 WL 2526449, at *3; *see also* Order, *United States v. Reymundo Montoya-Ortiz*, No. 91-CR-95-DC-2 (W.D. Tex. Mar. 18, 2020) (Dkt. No. 155) (denying defendant's motion).

[62] *Montoya-Ortiz*, 2022 WL 2526449, at *3.

[63] *Id.* (emphasis added).

[64] *Id.*

[65] *Montoya-Ortiz* similarly undermines the majority's argument that the same procedural rigors accompanying an initial sentencing need not accompany a § 3582(c) order, as that opinion notes: "*Only once the court has explained the basis for its decision* may we defer to its exercise of discretion." *Id.* at *2 (emphasis added).

No. 21-50450

\*\*\*\*\*

As *Sauseda*, *Shorter*, and *Suttle* make clear, this Court has not yet had an opportunity to harmonize our unpublished opinions on this subject.[66] Today, we do so. In this concerto, to this ear, the majority is off-key.[67]

With respect, I must DISSENT.[68]

---

[66] *See United States v. Handlon*, 53 F.4th 348, 352 (5th Cir. 2022).

[67] "To be clear, [I] do not question the competency or the integrity of the district court." *United States v. Johnson*, 648 F.3d 273, 280 (5th Cir. 2011). To the contrary, I tread lightly here, keenly aware that the tasks of a United States District Judge—which include but are not limited to managing hefty dockets and presiding over complex trials—demand a much wider skill set under far greater time pressure than we who sit remotely with time to pontificate aided by many clerks and professional staff.

[68] This Court's recent decision in *United States v. Pina* does not compel a contrary conclusion. In that case, we affirmed a second denial of a motion for compassionate release which itself relied on the initial denial of an analogous motion. *United States v. Pina*, No. 21-50983, 2023 WL 1990533, at \*1 (5th Cir. Feb. 14, 2023). This implicit acceptance of the sufficiency of the first denial rests *only* on the fact that the defendant did not challenge it, not on its merits.