# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 22, 2023

Lyle W. Cayce
Clerk

No. 21-50450

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JEFFREY ALLAN MCMARYION,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:13-CR-141-1

Before HIGGINBOTHAM, JONES, and OLDHAM, *Circuit Judges*.

PER CURIAM:[*]

The prior opinion, *United States v. McMaryion*, 64 F.4th 257 (5th Cir. 2023) is withdrawn, and the following opinion is substituted:

Jeffrey McMaryion, a federal prisoner, appeals the denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1). We affirm in part and remand in part.

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 21-50450

## I.

McMaryion pleaded guilty to conspiracy to possess with intent to distribute 280 grams or more of a substance containing cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A). That offense, combined with McMaryion's extensive criminal history, generated a Guidelines range of 262 to 327 months in prison. The district court (Junell, J.) sentenced him at the bottom of that range to 262 months, plus 12 months for the revocation of a previous supervised-release term, for a total prison term of 274 months. McMaryion appealed, and we affirmed. *See United States v. McMaryion*, 583 F. App'x 399, 401 (5th Cir. 2014) (per curiam).

On November 16, 2020, McMaryion filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1). By the time McMaryion filed that motion, the case had been transferred to Judge Counts. The Government filed an opposition. Then Judge Counts denied the motion as follows: "After considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, the Court DENIES the Defendant's Motion on its merits." ROA.631.

McMaryion again appealed. We review questions of law de novo and the ultimate decision to deny compassionate release for abuse of discretion. *See United States v. Escajeda*, 58 F.4th 184, 186 (5th Cir. 2023).

## II.

The First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), allows a prisoner to move for a sentence reduction under certain circumstances. The one at issue here is colloquially called "compassionate release." *See United States v. Shkambi*, 993 F.3d 388, 390–92 (5th Cir. 2021) (describing the history of compassionate release). As relevant here, a prisoner can move for compassionate release when "extraordinary and compelling reasons warrant" a reduction of his sentence. *See* 18 U.S.C. § 3582(c)(1)(A)(i). As

2

No. 21-50450

we recently explained, this statutory phrase requires a prisoner to show he "face[s] some extraordinarily severe exigency, not foreseeable at the time of sentencing, and unique to the life of the prisoner" that leads "irresistibly" to the conclusion that this prisoner has a "singular" and "remarkable" need for early release. *See Escajeda*, 58 F.4th at 186.

McMaryion offers four reasons for his § 3582(c)(1) motion. The first three are not cognizable bases for compassionate release. The fourth does not have merit.

First, McMaryion raises substantive challenges to the legality of his confinement. Specifically, McMaryion argues that his trial and appellate counsel were ineffective and that the Government breached his plea agreement. But because these claims are cognizable under 28 U.S.C. § 2255, they are not cognizable under 18 U.S.C. § 3582(c). *See Escajeda*, 58 F.4th at 186–88.

Second, McMaryion argues that he should get a sentence reduction because the First Step Act reduced the statutory minimums applicable to his offenses. But Congress did not make those reductions retroactive. And a prisoner may not leverage non-retroactive changes in criminal law to support a compassionate release motion, because such changes are neither extraordinary nor compelling. *See, e.g.*, *United States v. Jenkins*, 50 F.4th 1185, 1198–1200 (D.C. Cir. 2022) (so holding); *United States v. McCall*, 56 F.4th 1048, 1065–66 (6th Cir. 2022) (en banc) (same). Rather, "in federal sentencing the *ordinary* practice is to apply new penalties to defendants not yet sentenced, while withholding that change from defendants already sentenced." *Dorsey v. United States*, 567 U.S. 260, 280 (2012) (emphasis added). This ordinary practice reflects a "presumption against retroactive legislation" that is "deeply rooted in our jurisprudence" and that "embodies a legal doctrine centuries older than our Republic." *Landgraf v. USI Film*

*Prods.*, 511 U.S. 244, 265 (1994). We may not usurp the legislative prerogative and use 18 U.S.C. § 3582(c)(1) to create retroactivity that Congress did not. *See United States v. Wiltberger*, 18 U.S. (5 Wheat.) 76, 95 (1820) ("It is the legislature, not the Court, which is to define a crime, and ordain its punishment.").

Third, McMaryion briefly suggests that an amendment to the United States Sentencing Guidelines favors his early release. McMaryion did not adequately present this argument to the district court, however, so it is forfeited. *See Rollins v. Home Depot*, 8 F.4th 393, 397–99 (5th Cir. 2021). And in any event, changes to the Sentencing Guidelines can give rise to relief under 18 U.S.C. § 3582(c)(2), not § 3582(c)(1). *See United States v. Lyons*, 25 F.4th 342, 344–46 (5th Cir. 2022) (describing review of a § 3582(c)(2) motion).

McMaryion's fourth and final argument is the only one that states a possibly cognizable basis for compassionate release—namely, that COVID-19 constitutes an "extraordinary and compelling" reason for his release. To support this argument, McMaryion suggests that his prior COVID-19 infection and general ill health place him at greater risk from COVID-19 relative to the broader population.

We have said that a late-stage, terminal prognosis can constitute an extraordinary and compelling basis for a § 3582(c)(1) motion. *See United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020). But it is the actuality, not the risk, of terminal illness that makes a prisoner's circumstances extraordinary. We have repeatedly denied relief in cases where prisoners sought compassionate release due to fear of communicable disease, even when those prisoners were in poor health. *See United States v. Thompson*, 984 F.3d 431, 432–34 (5th Cir. 2021) (denying relief to a hypertensive stroke survivor concerned by COVID-19); *United States v.*

No. 21-50450

*Rodriguez*, 27 F.4th 1097, 1098–1100 (denying relief where COVID-19 fearing movant suffered from heart failure). Our precedent thus compels denial of McMaryion's motion.

### III.

Separately, McMaryion argues that the district court committed procedural error by perfunctorily denying his § 3582(c) motion. In similar circumstances, we have remanded "for the district court to explain its reasons for denial." *United States v. Guzman*, No. 20-51001, 2022 WL 17538880, at *1 (5th Cir. Dec. 8, 2022). We follow the same course here. "As we typically do in such situations, we will retain appellate jurisdiction." *Id.* at *3.

AFFIRMED IN PART; REMANDED.

No. 21-50450

PATRICK E. HIGGINBOTHAM, *Circuit Judge*, concurring in the result:

I continue to adhere to my dissent from the initial panel opinion for the reasons it stated. *See generally United States v. McMaryion*, 64 F.4th 257, 263 (5th Cir. 2023) (Higginbotham, J., dissenting). With respect, we cannot tiptoe past this reticulated pattern of error. It remains, as does the tomorrow.