# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 17, 2023

Lyle W. Cayce
Clerk

No. 21-50870

United States of America,

*Plaintiff—Appellee*,

*versus*

Michael Anthony Escajeda,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:18-CR-239-1

Before Higginbotham, Jones, and Oldham, *Circuit Judges*.
Andrew S. Oldham, *Circuit Judge*:

Michael Escajeda appeals the denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1). In doing so, however, Escajeda presses arguments that must instead be channeled through direct appeal or 28 U.S.C. § 2255. We affirm.

I.

In 2018, Michael Escajeda sold drugs to police informants. Police searched his residence, where they found both cocaine and a gun. Subsequently, Escajeda pleaded guilty to three drug distribution counts, in

violation of 21 U.S.C. §§ 841(a) and 846, and to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). In 2019, the district court gave him a within-Guidelines sentence of 162 months in prison. We affirmed Escajeda's conviction and remanded only for correction of a "scrivener's error" in his supervised-release term. *United States v. Escajeda*, 8 F.4th 423, 428 (5th Cir. 2021).

Five days after our decision in Escajeda's direct appeal, the district court denied his motion for compassionate release under § 3582(c)(1). Escajeda again timely appealed. We review the ultimate decision to deny compassionate release for abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). "[A] court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence." *Ibid* (quotation omitted).

## II.

We first consider whether Escajeda filed a cognizable claim under § 3582(c)(1). We (A) discuss the relevant statutory scheme. Then we (B) hold Escajeda's claims are not cognizable as a matter of law under § 3582(c)(1).

## A.

The First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), allows a prisoner to move for a sentence reduction under certain circumstances. One such circumstance is when "extraordinary and compelling reasons warrant" a sentence reduction. *See* 18 U.S.C. § 3582(c)(1)(A)(i). We often refer to this as "compassionate release" because courts generally use it for prisoners with severe medical exigencies or infirmities. *See Chambliss*, 948 F.3d at 693 (describing § 3582(c)(1)(A)(i) motions as "compassionate release claims" and suggesting terminal illness may qualify); *United States v. Shkambi*, 993

F.3d 388, 390–92 (5th. Cir. 2021) (detailing the statutory history of compassionate release).

We understand "extraordinary" to mean "beyond or out of the common order," "remarkable," and synonymous with "singular." *Extraordinary*, Webster's New International Dictionary 903 (2d. ed. 1934; 1950) ("Webster's Second"); *see also United States v. Jenkins*, 50 F.4th 1185, 1197 (D.C. Cir. 2022) (Katsas, J.) (defining "extraordinary" as "most unusual," "far from common," and "having little or no precedent" (quotation omitted)). "Compelling" is a participle of "compel," which means "to drive or urge with force, or irresistibly," "to force," and "to subjugate." *Compel*, Webster's Second, *supra*, at 544. These terms explain why prisoners can seek relief under § 3582(c)(1) only when they face some extraordinarily severe exigency, not foreseeable at the time of sentencing, and unique to the life of the prisoner. *See Chambliss*, 948 F.3d at 693 (discussing terminal illness).

Section 3582(c)(1)'s authorization for compassionate release stands in contradistinction to other statutes that Congress passed to govern prisoners' postconviction proceedings. In Chapter 153 of Title 28, Congress provided specific avenues for post-conviction relief that permit prisoners to challenge the legality of their confinement in federal court. *See, e.g.*, 28 U.S.C. §§ 2241, 2244, 2254, 2255. The Supreme Court has repeatedly held that by codifying these specific provisions, Congress *required* prisoners to bring their legality-of-custody challenges under Chapter 153 and *prohibited* prisoners from bringing such claims under other, more-general statutes like 42 U.S.C. § 1983. *See, e.g.*, *Preiser v. Rodriguez*, 411 U.S. 475, 486 (1973) (noting that when a prisoner alleges unlawful restraint, "habeas corpus has been accepted as *the* specific instrument to obtain release" (emphasis added)); *Heck v. Humphrey*, 512 U.S. 477, 481–82 (1994) (holding a prisoner cannot use § 1983 where "establishing the basis for the damages claim necessarily demonstrates

the invalidity of the conviction"); *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005) (describing habeas as an "exclusive" remedy for challenging the lawfulness of imprisonment and indicating that the Supreme Court "has focused on the need to ensure that state prisoners use only habeas corpus" when they seek relief from confinement).

Judge Katsas has astutely referred to this as the "habeas-channeling rule" and held it likewise "forecloses using compassionate release to correct sentencing errors." *Jenkins*, 50 F.4th at 1202. Judge Katsas explained:

> The writ of habeas corpus—including section 2255, the habeas substitute for federal prisoners—traditionally has been accepted as the specific instrument to obtain release from unlawful confinement. As a result, an inmate may not rely on a generally worded statute to attack the lawfulness of his imprisonment, even if the terms of the statute literally apply. This includes both direct attacks seeking an injunction compelling speedier release and indirect attacks seeking a judicial determination that necessarily implies the unlawfulness of the [Government]'s custody.

*Ibid.* (quotation and internal citations omitted). The reason for the habeas-channeling rule is simple: If a prisoner could avoid the strictures Congress imposed in Chapter 153 by bringing their release-from-confinement claims under a different, more general, and more permissive statute, he obviously would. *See Gonzalez v. Crosby*, 545 U.S. 524, 531–32 (2005) (noting the habeas-channeling rule prevents prisoners from "impermissibly circumvent[ing] the requirement[s]" Congress imposed in Chapter 153); *see also, e.g.*, 28 U.S.C. § 2244(a) (limiting a prisoner to one habeas petition); *id.* § 2244(d)(1) (imposing a one-year limitation period); *id.* § 2255 (imposing various restrictions on postconviction relief for federal prisoners).

No. 21-50870

### B.

Escajeda's claims are the province of direct appeal or a § 2255 motion, not a compassionate release motion. Specifically, he argues that his sentence exceeded the statutory maximum and that he received ineffective assistance of counsel. These are quintessential arguments for challenging the fact or duration of a prisoner's confinement under Chapter 153. Further, Escajeda admits in his § 3582(c)(1) motion that he moved for compassionate release because he worried that he could not win relief under § 2255. The habeas-channeling rule, however, prevents a prisoner from so easily steering around Chapter 153's strictures.

We therefore hold that a prisoner cannot use § 3582(c) to challenge the legality or the duration of his sentence; such arguments can, and hence *must*, be raised under Chapter 153. We join several of our sister circuits in reaching that result. *See Jenkins*, 50 F.4th at 1202; *United States v. King*, 40 F.4th 594, 595 (7th Cir. 2022); *United States v. Crandall*, 25 F.4th 582, 586 (8th Cir. 2022); *United States v. Hunter*, 12 F.4th 555, 567 (6th Cir. 2021). Because Escajeda's claims would have been cognizable under § 2255, they are not cognizable under § 3582(c).

### III.

Even assuming Escajeda raised cognizable arguments in his § 3582(c) motion, the district court did not abuse its discretion in rejecting them. On appeal, Escajeda's principal argument to the contrary is that the district court committed procedural error by perfunctorily denying his motion in a one-page order.

We've repeatedly held that perfunctory orders justify a discretionary decision to deny relief under § 3582(c)(1). *See United States v. Shorter*, 850 F. App'x 327, 328 (5th Cir. 2021) (per curiam); *United States v. White*, 2022 WL 1699467, *1 (5th. Cir. 2022) (per curiam); *United States v. Franco*, 2022 WL

1316218, *1 (5th. Cir. 2022) (per curiam); *see also Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965–66 (2018) (affirming a district court's brief denial of a motion under § 3582(c)(2)); *Chambliss*, 948 F.3d at 693–94 (affirming where a district court considered the 18 U.S.C. § 3553(a) factors).

In this case, the district court denied Escajeda's motion for compassionate release as follows: "After considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, the Court DENIES the Defendant's Motion on its merits." ROA.128. The district court thus considered the applicable factors and denied relief. It did not need to say more.

Nor did it need to say less. Escajeda's final argument is that the district court erred by saying it considered "applicable policy statements issued by the Sentencing Commission." True, there are no policy statements applicable to prisoners' compassionate-release motions. *See Shkambi*, 993 F.3d at 392. But the district court did not say that it considered or relied on an inapplicable policy statement; it just said it considered any applicable ones. And in any event, even if the district court considered an inapplicable policy statement, it's harmless error where the court gave due consideration to the applicable § 3553(a) factors. *See United States v. Coats*, 853 F. App'x 941, 942 (5th Cir. 2021) (per curiam).

AFFIRMED.

No. 21-50870

Patrick E. Higginbotham, *Circuit Judge*, concurring:

I write separately to emphasize that nothing in this opinion addressing federal review of a federal case should be read as addressing the respective roles of § 1983 and habeas review of state convictions. *Heck* addresses the respective roles of § 1983 and writs of habeas corpus challenging state court judgments.[1] In that sense, *Heck* plays a habeas-channeling role—§ 1983 is not available to attack the legality of sentences of convicting state courts.[2] Here, *Heck* has no role to play.

---

[1] *Heck v. Humphrey*, 512 U.S. 477, 480 (1994).

[2] *Id.* at 486–87.