# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-11004
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
March 31, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Alfredo Medina,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:09-CR-133-1

---

Before Stewart, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Alfredo Medina, federal prisoner # 39027-177, appeals the district court's denial of his motion for compassionate release, filed pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). He also moves to file a supplemental brief. We review the denial of a motion for compassionate release for abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-11004

Medina argues, without authority, that the district court erred in failing to allow the Government the opportunity to refute or concur with his arguments; his assertion lacks merit. Medina also argues that the district court abused its discretion in failing to consider the grounds that he raised in support of compassionate release. However, a district court is not required "to make a point-by-point rebuttal of the parties' arguments[;] [a]ll that is required is for a district court to demonstrate that it has considered the arguments before it." *Concepcion v. United States*, 142 S. Ct. 2389, 2405 (2022). Here, the district court stated that it had considered the motion for compassionate release and the record and that it was not persuaded by Medina's arguments; thus, the court indicated that it considered and rejected these arguments. *See United States v. Escajeda*, 58 F.4th 184, 188 (5th Cir. 2023); *United States v. Batiste*, 980 F.3d 466, 479 (5th Cir. 2020).

He further asserts that the district court erred by heavily relying on the U.S.S.G. § 1B1.13 policy statement and its commentary and other criteria. The district court stated that the nonbinding Sentencing Guidelines' policy statement and commentary could be used as a tool for review of a motion for compassionate release, and the court was entitled to do so. *See United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021); *cf. United States v. Shkambi*, 993 F.3d 388, 392-93 (5th Cir. 2021).

Noting the district court's statement that many of the arguments raised by Medina regarding mitigation had been rejected on direct appeal, Medina argues that the district court's analysis of the 18 U.S.C. § 3553(a) factors relied on assessments of those factors at the time of sentencing and failed to take into consideration his post-sentencing conduct or changes in the law. Medina's arguments amount to no more than a disagreement with the district court's balancing of these factors, which is insufficient to show an abuse of discretion. *See Chambliss*, 948 F.3d at 694.

No. 22-11004

Accordingly, Medina has not demonstrated an abuse of discretion, and the district court's decision is AFFIRMED.  His motion to file a supplemental brief is GRANTED.