# United States Court of Appeals
# for the Fifth Circuit

———————————

**No. 22-20544**
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
May 2, 2023

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

LEWIS GILMORE HURST,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CR-355-1

———————————————————————

Before SMITH, SOUTHWICK, and DOUGLAS, *Circuit Judges*.
PER CURIAM:[*]

Lewis Gilmore Hurst, federal prisoner # 38756-179, appeals from the district court's denial in part of his 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release. On appeal, Hurst contends that he was erroneously sentenced as a career offender under the Sentencing Guidelines and that the sentencing error constitutes an extraordinary and compelling circumstance

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

warranting relief.    Because he does not reprise his arguments that extraordinary and compelling circumstances exist due to a change in the law as concerns the Armed Career Criminal Act and due to his susceptibility to contracting severe COVID-19, they are abandoned. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

We review the denial of Hurst's § 3582(c)(1)(A)(i) motion for an abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). "[A] prisoner cannot use § 3582(c) to challenge the legality or the duration of a sentence." *United States v. Escajeda*, 58 F.4th 184, 187 (5th Cir. 2023). As such, Hurst fails to demonstrate that the district court abused its discretion in denying relief as to his argument that he could show extraordinary and compelling circumstances inasmuch as he was erroneously sentenced as a career offender. *See Chambliss*, 948 F.3d at 693. The district court's decision is AFFIRMED.