# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 24, 2023

Lyle W. Cayce
Clerk

————————

No. 20-51011

————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Steve Maurice Tyler,

*Defendant—Appellant*.

————————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:16-CR-128-5

————————————————————————

Before Jones, Stewart, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Appellant Steve Tyler pled guilty in 2016 to conspiracy to possess 280 grams or more of cocaine base with intent to distribute. The district court (Junell, J.) sentenced him to a statutory minimum 240-months of imprisonment. 21 U.S.C. § 841(b)(1)(A) (2010). We affirmed in part and

———————————

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

remanded in part. Having received the district court's more complete explanation of its order, we now AFFIRM.

Tyler moved for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). The government filed a response, and the district court (Counts, J.) denied the motion as follows: "After considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, the Court DENIES the Defendant's Motions [*sic*] on its merits." Tyler then filed a timely motion for reconsideration, which the court likewise denied.

Tyler now appeals the denial of his motion for compassionate release. We review the district court's decision for abuse of discretion. *United States v. Cooper*, 996 F.3d 283, 286 (5th Cir. 2021).

Tyler argues that the district court erred in failing to assess whether his allegations established "extraordinary and compelling reasons" warranting a reduction in his sentence. 18 U.S.C. § 3582(c)(1)(A)(i). He also asserts that the district court erroneously considered U.S.S.G. § 1B1.13 to be binding. These contentions lack merit, as the district court's assessment of the § 3553(a) factors furnished an independent and adequate basis for denying Tyler's motion. *See United States v. Escajeda*, 58 F.4th 184, 188 (5th Cir. 2023); *United States v. Rollins*, 53 F.4th 353, 358 (5th Cir. 2022).

Tyler additionally argues that the district court erred by perfunctorily denying his motion. Our remand to the district court cured the procedural deficiency. The district court noted overwhelming reasons as to why the § 3553(a) factors do not support a reduced prison term, based on Tyler's repeated and longstanding drug trafficking, even while on supervised release. And the court found that the Section 3553(a) factors do not support early release based on defendant's criminal history. This explanation was sufficient.

No. 20-51011

This court's order denying early release is AFFIRMED.