# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
October 31, 2023

Lyle W. Cayce
Clerk

No. 23-50099
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Ochuko Sylvester Eruotor,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:16-CR-347-3

_____

Before Willett, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Ochuko Sylvester Eruotor, federal prisoner #98555-380, appeals the denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). He is serving a 168-month sentence for conspiracy to commit money laundering. On appeal, Eruotor argues that the district court's consideration of the 18 U.S.C. § 3553(a) factors was deficient because

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

it failed to consider (1) the disparity between Eruotor's sentence and those of his codefendants and (2) Eruotor's rehabilitation efforts in prison. With the benefit of liberal construction, he also argues that the district court failed to adequately explain its reason for denying his motion.

We review a district court's order denying compassionate release for abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). The district court's order demonstrates that it adequately considered and rejected Eruotor's arguments. *See Concepcion v. United States*, 142 S. Ct. 2389, 2405 (2022); *United States v. Escajeda*, 58 F.4th 184, 188 (5th Cir. 2023); *United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009). The district court stated that it conducted a complete review of the motion on the merits and concluded that the § 3553(a) factors did not weigh in favor of relief. Eruotor "may disagree with how the district court balanced the § 3553(a) factors, [but] that is not a sufficient ground for reversal." *Chambliss*, 948 F.3d at 694.

We also reject Eruotor's attempt to challenge the district court's imposition of the § 3B1.1(a) sentencing enhancement for his role as a "leader or organizer" of the conspiracy. U.S.S.G. § 3B1.1(a). Eruotor "cannot use § 3582(c) to challenge the legality or the duration of his sentence." *Escajeda*, 58 F.4th at 187.

Because the district court did not abuse its discretion in holding that relief was unwarranted under § 3553(a), we need not consider Eruotor's argument that the district court erred in finding that Eruotor failed to show extraordinary and compelling reasons warranting relief. *See United States v. Ward*, 11 F.4th 354, 360–61 (5th Cir. 2021); *Chambliss*, 948 F.3d at 693.

Accordingly, the judgment is AFFIRMED.