# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 2, 2023

Lyle W. Cayce
Clerk

No. 23-50412
Summary Calendar

―――――――――

United States of America,

*Plaintiff—Appellee*,

*versus*

Gerardo Mora Ornelas,

*Defendant—Appellant.*

―――――――――――――――――――――

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:21-CR-213-1

―――――――――――――――――――――

Before Jones, Southwick, and Ho, *Circuit Judges*.

Per Curiam[*]:

Gerardo Mora Ornelas appeals the denial of his motion for immediate release under the First Step Act. This Act permits courts to reduce a

―――――――――――――――

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

defendant's term of imprisonment when "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Ornelas argues that the district court failed to give adequate reasons for denying his motion. Because the court's explanation was adequate, the order is AFFIRMED.

Ornelas had nine prior criminal convictions for various offenses from 1986, when he was 20 years old, to the present. These included driving while intoxicated, cruelty to animals, terroristic threat, and conspiracy to distribute cocaine. *Id.* The presentence investigation report ("PSR") recommended a guideline imprisonment range of from 235 months to 283 months, based upon a total offense level of 37 and a criminal history category of II. The district court, in a Statement of Reasons, explicitly adopted the PSR "without change." The court sentenced the defendant to 255 months, which is within the range recommended.

About fifteen months later, Ornelas moved for immediate release, arguing that he was at risk of serious illness or death from COVID-19 because of his underlying medical conditions: hypertension, tricuspid valve disorder, cardiomyopathy, hypothyroidism, hyperlipidemia, gastroesophageal reflux disorder, compromised immune system, diabetes, and obesity. The district court denied release. The court explained its decision by stating that it "considered . . . the applicable factors provided in 18 U.S.C. § 3553(a), and the applicable policy statements."[1]

_____

[1] The court is required to consider these factors in deciding a motion for immediate release. 18 U.S.C. § 3582(c)(1)(A). The factors "include (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentenced and sentencing range established for the applicable category of offense or defendant; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records; and (7) the need to provide restitution to any victims of

This court has previously upheld similar orders. *See, e.g.*, *United States v. Escajeda*, 58 F.4th 184, 188 (5th Cir. 2023) (denying release where the district court's order stated that the court "consider[ed] the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission"). In addition, the district court had previously explained its reasons for the length of the term of imprisonment at sentencing. This case therefore differs from *United States v. McMaryion*, No. 21-50450, 2023 WL 4118015, at *2 (5th Cir. June 22, 2023) (remanding for further explanation because the district court's order was "perfunctor[y]").[2] In that case the sentencing judge was not the same judge who decided the motion for immediate release. *Id.* at *1. But here, Judge Counts, who decided the motion for immediate release, also issued the original sentence. His order denying release must therefore be read in the context of the rest of the record. *See United States v. Stanford*, 79 F.4th 461, 463-64 (5th Cir. 2023). Judge Counts gave an indication of his thinking at the time of the original sentence by adopting the PSR and choosing a sentence within the recommended range. The district court "considered the applicable factors and denied relief. It did not need to say more." *Escajeda*, 58 F.4th at 188.

The order denying the defendant's motion for immediate release is AFFIRMED.

---

the offense." *United States v. Chambliss*, 945 F.3d 691, 693 n.3 (5th Cir. 2020) (citing 18 U.S.C. § 3553(a)).

[2] This unpublished opinion is cited only to show the consistency of our precedent.