# United States Court of Appeals
# for the Fifth Circuit

---

No. 23-50450
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
January 2, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

George Aguilar-Martinez,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:14-CR-730-2

---

Before Davis, Haynes, and Ho, *Circuit Judges*.

Per Curiam:[*]

George Aguilar-Martinez, federal prisoner # 36104-080, appeals the denial of his motion for compassionate release, filed pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). He is currently serving a 262-month sentence for conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine. The district court determined that Aguilar-

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-50450

Martinez failed to show that the 18 U.S.C. § 3553(a) factors weighed in favor of granting relief. *See* § 3582(c)(1)(A)(i).

We review the denial of a motion for compassionate release for abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). First, the district court's order belies Aguilar-Martinez's argument that the district court erroneously treated U.S.S.G. § 1B1.13, p.s., as binding. *See United States v. Shkambi*, 993 F.3d 388, 390-93 (5th Cir. 2021). Second, Aguilar has shown no abuse of discretion in the district court's consideration of the "danger to the safety of any other person or the community" in denying relief. *See United States v. Escajeda*, 58 F.4th 184, 188 (5th Cir. 2023). Third, based on the district court's statement that it had considered Aguilar-Martinez's motion, we may infer that the district court, contrary to Aguilar-Martinez's argument, considered his postconviction rehabilitation efforts. *See Concepcion v. United States*, 597 U.S. 481, 502 (2022); *United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009). Finally, to the extent Aguilar-Martinez's arguments challenge the district court's assessment of the § 3553(a) factors, they amount to no more than a disagreement with the district court's balancing of these factors, which is insufficient to show an abuse of discretion. *See Chambliss*, 948 F.3d at 693-94.

Because Aguilar-Martinez has not shown that the district court abused its discretion in finding that a sentence reduction was not warranted under the § 3553(a) factors, the court's denial of relief is AFFIRMED.