# United States Court of Appeals for the Fifth Circuit

———————

No. 23-50387
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

February 6, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Silvestre Garcia-Gonzalez,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:16-CR-483-3

———————————————————

Before Wiener, Stewart, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Silvestre Garcia-Gonzalez, federal prisoner # 50704-051, appeals the denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). He argues that his young age at the time of the offense, the sentencing errors in the computation of his sentence, and his counsel's ineffectiveness constituted extraordinary and compelling circumstances

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-50387

warranting relief. Garcia-Gonzalez also moves for the appointment of counsel and for discovery of sealed documents.

The district court denied Garcia-Gonzalez's motion on the basis that a balancing of the 18 U.S.C. § 3553(a) sentencing factors did not warrant compassionate relief. Garcia-Gonzalez's failure to challenge these findings constitutes an abandonment of the issue on appeal. *See United States v. Scroggins*, 599 F.3d 433, 446-47 (5th Cir. 2010); *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). To the extent Garcia-Gonzalez's arguments are construed as a challenge to his conviction or original sentence, such a challenge is not appropriately raised on appeal from the denial of his § 3582(c)(1)(A) motion. *See United States v. Escajeda*, 58 F.4th 184, 187 (5th Cir. 2023). Lastly, to the extent that Garcia-Gonzalez seeks authorization to file a successive 28 U.S.C. § 2255 motion, he cites no new rule of constitutional law made retroactive by the Supreme Court or newly discovered evidence that would establish by clear and convincing evidence his innocence. *See* § 2255(h).

Accordingly, the judgment of the district court is AFFIRMED. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020); *United States v. Jackson*, 27 F.4th 1088, 1093 n.8 (5th Cir. 2022). Garcia-Gonzalez's motions are DENIED.