# United States Court of Appeals
# for the Fifth Circuit

―――――――――

No. 23-50497
Summary Calendar

―――――――――

United States Court of Appeals
Fifth Circuit

**FILED**
March 1, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Paul Santivanez,

*Defendant—Appellant*.

―――――――――――――――――――――

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:98-CR-304-2

―――――――――――――――――――――

Before Smith, Higginson, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Paul Santivanez appeals the district court's denial of his motion for compassionate release, filed pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). In his motion, Santivanez argued, inter alia, that his life sentence on account of his arson conviction was unconstitutional insofar as it violated the Ex Post Facto Clause and that the unconstitutional life sentence constituted an

―――――――――――――――

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

extraordinary and compelling reason that warranted a reduction in his sentence. While his motion was pending, we held that "a prisoner cannot use § 3582(c) to challenge the legality or the duration of his sentence." *United States v. Escajeda*, 58 F.4th 184, 187 (5th Cir. 2023). Based on our holding in *Escajeda*, the district court denied Santivanez's compassionate release motion, finding that he had failed to demonstrate an extraordinary and compelling reason for a sentence reduction.

On appeal, Santivanez has filed a letter brief and an unopposed motion for summary disposition. He concedes that his argument on appeal—"that his unconstitutional life sentence is an extraordinary and compelling reason that makes him eligible for a reduced sentence under § 3582(c)(1)(A)"—is foreclosed by *Escajeda*, but seeks to preserve his challenge for further review.

Where "there can be no substantial question as to the outcome of the case," summary disposition is appropriate. *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Accordingly, the motion for summary disposition is GRANTED, and the district court's order is AFFIRMED.