# United States Court of Appeals for the Fifth Circuit

---

No. 23-11168
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

May 21, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Yusufu Danmola,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-222-1

---

Before Wiener, Stewart, and Douglas, *Circuit Judges*.

Per Curiam:[*]

After being convicted by a jury of being a felon illegally in possession of a firearm, Defendant-Appellant Yusufu Danmola was sentenced in 2017 to a 115-month term of imprisonment. As permitted by 18 U.S.C. § 3582(c)(1)(A)(i), Danmola filed a compassionate release motion, which the district court denied. Danmola then filed a motion for reconsideration which

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-11168

the district court treated as a second compassionate release motion and denied relief based on its assessment of the merits of the motion and the sentencing factors of 18 U.S.C. § 3553(a). Danmola now appeals the denial of his second compassionate release motion. Our review is for abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

Danmola contends that his guidelines range was determined in violation of the Sixth Amendment because the enhancement of his sentence was based on facts determined by the district court rather than on facts found by the jury or that he admitted. He asserts that the constitutional error in determining his offense level provides an extraordinary and compelling reason to grant a reduction in his sentence. As authority for his Sixth Amendment claim, Danmola relies mainly on *United States v. Booker*, 543 U.S. 220 (2005). However, his claim amounts to a challenge to the legality or duration of his sentence, which is not permitted through compassionate release. *See United States v. Escajeda*, 58 F.4th 184, 187 (5th Cir. 2023). Danmola is also incorrect in asserting that a Sixth Amendment violation occurred with respect to the enhancement of his sentence for obstruction of justice based on perjured trial testimony.[1] *See United States v. Williams*, 517 F.3d 801, 808 (5th Cir. 2008).

Danmola also contends that the § 3553(a) factors support a sentence reduction. However, his argument regarding application of the § 3553(a) factors is based on the faulty premise that his guidelines range was incorrectly determined based on a Sixth Amendment violation. He fails to show that the

---

[1] In addition to the enhancement for obstruction of justice, Danmola also complains that enhancements for possessing a firearm with an obliterated serial number and for possessing a firearm in connection with another felony offense were imposed in violation of the Sixth Amendment. Although his contentions as to those enhancements would not alter the outcome, they will not be addressed because he raises them for the first time on appeal. *See United States v. Thompson*, 984 F.3d 431, 432 n.1 (5th Cir. 2021).

No. 23-11168

district court abused its discretion in denying his motion, given its assessment of the § 3553(a) factors. *See Chambliss*, 948 F.3d at 693–94.

AFFIRMED.