# United States Court of Appeals for the Fifth Circuit

---

No. 23-11083
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

May 24, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Roque Rangel, Jr.

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:02-CR-3-17

---

Before King, Haynes, and Graves, *Circuit Judges*.

Per Curiam:[*]

Roque Rangel, Jr., federal prisoner # 28301-177, appeals the district court's denial of his motion for compassionate release brought under 18 U.S.C. § 3582(c)(1)(A). In its electronic order denying relief, the district court stated that it had considered the parties' briefs and the applicable law, and it then denied the motion for the reasons set forth by the Government.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-11083

The court went on to specify that Rangel's arguments challenging the legality or duration of his sentence were not cognizable, citing *United States v. Escajeda*, 58 F.4th 184, 187 (5th Cir. 2023); that Rangel failed to show extraordinary and compelling reasons justifying a reduced sentence; and that even if he had made such a showing, the 18 U.S.C. § 3553(a) factors weighed against release.  Before this court, Rangel contends that the district court failed to provide adequate reasons for its denial of relief.  In addition, he argues that the district court's reliance on *Escajeda* was improper because the case conflicts with *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021).  Rangel also asserts that *Escajeda* does not bar his argument that his inability to appeal the denial of 28 U.S.C. § 2255 relief constitutes an extraordinary and compelling reason warranting release, which the Government did not address and which the district court did not consider.

We review the denial of Rangel's § 3582(c)(1)(A)(i) motion for abuse of discretion.  *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).  Although the court must provide specific reasons, *id.*, the amount of explanation needed depends "upon the circumstances of the particular case," *Chavez-Meza v. United States*, 585 U.S. 109, 116 (2018) (§ 3582(c)(2) motion).  Although the opinion in the instant case is brief, it shows that the district court "relied upon the record, while making clear that [the court] considered the parties' arguments and [took] account of the § 3553(a) factors." *Id.*  Accordingly, the reasons provided are sufficient.

We need not consider whether the district court erred in determining that Rangel failed to show extraordinary and compelling reasons warranting relief and whether *Escajeda* applies to his claims; the district court's alternative and independent consideration of the § 3553(a) factors provides a sufficient basis for affirmance.  *See Chambliss*, 948 F.3d at 693-94; *see also United States v. Jackson*, 27 F.4th 1088, 1093 n.8 (5th Cir. 2022).  Rangel has not challenged the district court's conclusion that the § 3553(a) factors weigh

No. 23-11083

against relief, and any such argument is abandoned.  *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).  Accordingly, the order of the district court is AFFIRMED.