# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 11, 2024

Lyle W. Cayce
Clerk

No. 23-11156
Summary Calendar

———————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Andrew Cedillo,

*Defendant—Appellant*.

———————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:20-CR-3-1

———————————

Before King, Southwick, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Andrew Cedillo, federal prisoner # 60041-177, appeals from the district court's denial of his 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release. On appeal, Cedillo claims that the sentencing court should have rejected the methamphetamine guidelines as there is no empirical support to justify the ten-fold sentencing disparity between actual

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

methamphetamine and a mixture containing methamphetamine. He implicitly argues that this issue constitutes a sufficiently extraordinary and compelling circumstance justifying compassionate release. He also argues that the 18 U.S.C. § 3553(a) factors weigh in favor of his compassionate release.

We review the denial of Cedillo's § 3582(c)(1)(A)(i) motion for an abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). Cedillo fails to challenge the district court's finding that he failed to exhaust his administrative remedies, and any such challenge is abandoned. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Furthermore, "a prisoner cannot use § 3582(c) to challenge the legality or the duration of his sentence." *United States v. Escajeda*, 58 F.4th 184, 187 (5th Cir. 2023). As such, Cedillo fails to demonstrate that extraordinary and compelling circumstances justify compassionate release.

Because Cedillo fails to demonstrate that the district court abused its discretion in denying his motion for compassionate release based on its findings that he failed to exhaust his administrative remedies and failed to establish extraordinary and compelling circumstances, we do not reach his argument that the § 3553(a) factors warranted relief. *See United States v. Jackson*, 27 F.4th 1088, 1093 n.8 (5th Cir. 2022); *Chambliss*, 948 F.3d at 693. The district court's decision is AFFIRMED.