# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 18, 2024

Lyle W. Cayce
Clerk

No. 23-20438
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOSE ENRIQUE MARTINEZ-RAMIREZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CR-472-1

Before WIENER, STEWART, and DOUGLAS, *Circuit Judges*.
PER CURIAM:[*]

Appellant-Defendant Jose Enrique Martinez-Ramirez appeals from the denial of his 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release. On appeal, Martinez-Ramirez contends that extraordinary and compelling circumstances warrant relief insofar as, if he were sentenced today, his guidelines range would be lower because of the First Step Act's

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

amendment to the safety-valve provision set forth in 18 U.S.C. § 3553(f). He further argues that, because he qualified for safety-valve relief under § 3553(f) and U.S.S.G. § 5C1.2, the district court erred in refusing to grant him that relief at sentencing by treating the application of the safety valve as discretionary rather than mandatory.

We review the denial of Martinez-Ramirez's § 3582(c)(1)(A)(i) motion for an abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). We note that Martinez-Ramirez's guidelines range and safety-valve eligibility were determined in the presentence report and by the district court under the First Step Act's current framework. We therefore reject his contention that (1) changes to the sentencing laws would result in a lower range if he were sentenced today, and (2) a disparity exists between his sentence and that of similarly-situated defendants who are sentenced today with the benefit of the First Step Act.  Finally, we note that any alleged errors by the district court at sentencing should be raised under 28 U.S.C. § 2255. *United States v. Escajeda*, 58 F.4th 184, 187 (5th Cir. 2023).

In his appeal brief, Martinez-Ramirez does not reprise his arguments, made before the district court, that he was entitled to compassionate release because (1) he had been subject to COVID-19 lockdowns and to harsh conditions in prison, and (2) the § 3553(a) factors weighed in favor of relief. Those arguments are thus deemed abandoned. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993).

In short, Martinez-Ramirez has not shown that extraordinary or compelling circumstances warrant his compassionate release and has not even briefed any argument why the § 3553(a) factors weigh in favor of relief. He has thus failed to demonstrate any abuse of discretion by the district court in denying his compassionate release motion. *See Chambliss*, 948 F.3d at 693. The district court's decision is AFFIRMED.