# United States Court of Appeals
# for the Fifth Circuit

_____

No. 24-10408
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
January 6, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Robert Charles Morris,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:06-CR-51-1

_____

Before Jolly, Jones, and Willett, *Circuit Judges*.

Per Curiam:[*]

Robert Charles Morris, federal prisoner # 34083-177, appeals the denial of his motion for compassionate release filed pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). He argues that the district court erred in (i) citing caselaw that predated Amendment 814 to the Guidelines and failing to address the changes to the Guidelines wrought by Amendment 814, as concerns

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

extraordinary and compelling reasons; (ii) finding that he failed to demonstrate extraordinary and compelling reasons for granting relief; and (iii) failing to provide sufficient reasons for denying his motion.

We review the denial of a motion for compassionate release for abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). We initially determine that we need not consider Morris's first two arguments, (i) and (ii), above, because "we have regularly affirmed the denial of a compassionate-release motion . . . where the district court's weighing of the [18 U.S.C. §] 3553(a) factors can independently support its judgment." *United States v. Jackson*, 27 F.4th 1088, 1092-93 n.8 (5th Cir. 2022); *see Ward v. United States*, 11 F.4th 354, 360-62 (5th Cir. 2021). Such is the case here.

In its order denying relief, as regards the § 3553(a) factors, the district court stated that it could not find that Morris was "not a danger to the safety of any other person or to the community," that it had considered "all the factors set forth in" § 3553(a), and that a sentence reduction "would not reflect the seriousness of his conduct, promote respect for the law, provide just punishment, or afford adequate deterrence to criminal conduct." These grounds independently support the district court's denial of Morris's motion.

Moreover, we reject Morris's argument that the district court abused its discretion by failing to provide sufficient reasons for its denial of his motion. *See United States v. Escajeda*, 58 F.4th 184, 188 (5th Cir. 2023); *Chambliss*, 948 F.3d 693. The district court stated that it had reviewed Morris's motion, the record, and applicable law, and its order demonstrates that it adequately considered his arguments and concluded that consideration of the § 3553(a) factors did not weigh in favor of relief. *See Concepcion v. United States*, 597 U.S. 481, 502 (2022); *United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009). The district court "did not need to say more." *Escajeda*,

No. 24-10408

58 F.4th at 188. Finally, because Morris does not meaningfully challenge the district court's weighing of the § 3553(a) factors, any such challenge is abandoned. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

The district court's order is AFFIRMED.