# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 13, 2025

Lyle W. Cayce
Clerk

No. 24-30039

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

STOKLEY AUSTIN,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:13-CR-194-1

---

Before JONES and OLDHAM, *Circuit Judges*, and HENDRIX, *District Judge*.[*]

ANDREW S. OLDHAM, *Circuit Judge*:

Stokley Austin moved for compassionate release under 18 U.S.C. § 3582(c)(1). He argues that a non-retroactive change in the law is an extraordinary and compelling reason to reduce his sentence. We disagree.

---

[*] District Judge of the Northern District of Texas, sitting by designation.

No. 24-30039

I

Stokley Austin pleaded guilty to, *inter alia*, conspiracy to distribute cocaine hydrochloride and cocaine base in violation of 21 U.S.C. § 846. At the time, the mandatory minimum sentence was 20 years of imprisonment. *See* 21 U.S.C. § 841(b)(1)(A) (2010). The district court applied the mandatory minimum and sentenced Austin to 20 years of imprisonment.[1] Years later, Congress reduced the mandatory minimum sentence for that offense to 15 years of imprisonment. *See* First Step Act of 2018, Pub. L. No. 115-391, § 401(a)(2)(A), 132 Stat. 5194, 5220 (codified as amended at 21 U.S.C. § 841(b)(1)(A)). Congress explicitly made this change non-retroactive. The First Step Act provides:

> APPLICABILITY TO PENDING CASES.—This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, *if a sentence for the offense has not been imposed as of such date of enactment.*

*Id.* § 401(c), 132 Stat. at 5221 (emphasis added).

In January 2023, Austin filed a motion for compassionate release before the district court under § 3582(c)(1). He argued that, despite Congress's decision to make § 401 non-retroactive, it should nonetheless apply retroactively to him. Why? Austin contended that the non-retroactive change in § 401 was a "compelling and extraordinary" reason to reduce his sentence, because if he were sentenced today, he would get the benefit of the First Step Act.

---

[1] Austin's 20-year sentence reflects the then-current mandatory minimum for offenders with a prior felony drug conviction. *See* 21 U.S.C. § 841(b)(1)(A) (2010). He also received a concurrent sentence for other counts, and a consecutive 5-year sentence for firearm possession in furtherance of a drug trafficking crime.

No. 24-30039

In May 2023, he filed a "Motion to Grant 'Reduction,'" in which he again argued that the non-retroactive change in the law was a compelling and extraordinary reason to reduce his sentence under § 3582(c)(1). We construe this as another motion for compassionate release under § 3582(c)(1).

In December 2023, the district court denied Austin's motions. It concluded that Austin presented no extraordinary and compelling reason for sentence reduction. It therefore did not consider the § 3553(a) factors.

Austin timely appealed. We review legal questions *de novo*, and the ultimate decision to deny compassionate release for abuse of discretion. *See United States v. Escajeda*, 58 F.4th 184, 186 (5th Cir. 2023).

II

A district court may grant a motion for compassionate release under § 3582(c)(1) only if it finds, *inter alia*, that "extraordinary and compelling reasons warrant such a reduction." We hold that Austin's argument is squarely foreclosed under our rule of orderliness: (A) we are bound by *United States v. Escajeda*, and (B) our later decision in *United States v. Jean* was wrong to say otherwise.

A

First, this case is squarely controlled by the binding holding in *United States v. Escajeda*. Under settled Fifth Circuit precedent, "extraordinary" means "'beyond or out of the common order,' 'remarkable,' and synonymous with 'singular.'" *Escajeda*, 58 F.4th at 186 (quoting *Extraordinary*, Webster's New International Dictionary 903 (2d. ed. 1934; 1950) ("Webster's Second")). The term "'[c]ompelling' is a participle of 'compel,' which means 'to drive or urge with force, or irresistibly,' 'to force,' and 'to subjugate.'" *Ibid.* (quoting *Compel*, Webster's Second, *supra*, at 544). Thus, prisoners have extraordinary and compelling reasons for

3

relief "only when they face some extraordinarily severe exigency, not foreseeable at the time of sentencing, and unique to the life of the prisoner." *Ibid.* A non-retroactive change in the law affects every prisoner previously sentenced under that provision in the exact same way. And by its terms, a non-retroactive change in the law has zero effect on defendants already in prison. Thus, a non-retroactive change in law is, by definition, neither an "extraordinarily severe exigency" nor "unique to the life of the prisoner." *Ibid.* Under a straightforward reading of *Escajeda*, a non-retroactive change in the law is not an extraordinary or compelling reason to reduce a prisoner's sentence.

We have repeatedly followed *Escajeda* and reaffirmed this result. "[A] prisoner may not leverage non-retroactive changes in criminal law to support a compassionate release motion, because such changes are neither extraordinary nor compelling." *United States v. McMaryion*, No. 21-50450, 2023 WL 4118015, at *2 (5th Cir. June 22, 2023) (per curiam). If we were to hold otherwise, we would "usurp the legislative prerogative and use 18 U.S.C. § 3582(c)(1) to create retroactivity that Congress did not." *Ibid.*; *see also, e.g.*, *United States v. Elam*, No. 22-40373, 2023 WL 6518115, at *1–2 (5th Cir. Oct. 5, 2023) (per curiam); *United States v. Cardenas*, No. 19-40425, 2024 WL 615542, at *2 (5th Cir. Feb. 14, 2024) (per curiam).

True, § 1B1.13(b)(6) of the Sentencing Guidelines says that a non-retroactive "change in the law . . . may be considered in determining whether the defendant presents an extraordinary and compelling reason." But that changes nothing. Just like any agency action, the Guidelines "must bow to the specific directives of Congress." *United States v. LaBonte*, 520 U.S. 751, 757 (1997); *accord Stinson v. United States*, 508 U.S. 36, 38, 44–45 (1993). Thus, the Sentencing Commission cannot make retroactive what Congress made non-retroactive. *See, e.g.*, *McMaryion*, 2023 WL 4118015, at *2. And it certainly cannot do so through an interpretation of "extraordinary and compelling" that conflicts with the plain meaning of those terms. *See ibid.*

Moreover, the Commission "does not have the authority to amend the statute we construed" in *Escajeda* and its progeny. *Neal v. United States*, 516 U.S. 284, 290 (1996); *accord United States v. Koons*, 850 F.3d 973, 979 (8th Cir. 2017).

In sum, the First Step Act explicitly made the change to the mandatory minimum sentence for Austin's offense non-retroactive. *See* § 401(c), 132 Stat. at 5221; *McMaryion*, 2023 WL 4118015, at *2. So that change in the law does not constitute an extraordinary or compelling reason to reduce Austin's sentence.

B

*United States v. Jean*, 108 F.4th 275 (5th Cir. 2024), was wrongly decided and does not control. Under our rule of orderliness, when one panel decision disregards an earlier panel decision, we are duty-bound to follow the earlier one. *See, e.g.*, *Nivelo Cardenas v. Garland*, 70 F.4th 232, 242 n.7 (5th Cir. 2023) ("To the extent two panel decisions conflict, the earlier decision controls."); *Lucas v. Lumpkin*, --- F.4th ---, No. 24-40359 (5th Cir. 2025) (disregarding a panel decision that was "plainly contradicted by a number of our earlier . . . cases"). The majority in *Jean* openly disregarded *Escajeda* and its progeny. In spite of those decisions, the *Jean* panel somehow concluded that a change in law *can* constitute an extraordinary and compelling reason that warrants compassionate release. *Jean*, 108 F.4th at 282. Faithful to our rule of orderliness, we continue to apply *Escajeda* and its progeny because they were decided before *Jean*.

And in any event, *Jean* is distinguishable. There, the change in law resulted from a new judicial interpretation of § 4B1.1 of the Sentencing Guidelines. *Id.* at 279–80. Here, however, the change in law resulted from a new statute that explicitly said it was non-retroactive. *See* First Step Act, § 401(c), 132 Stat. at 5221. Thus, even if *Jean* could be somehow reconciled

5

No. 24-30039

with *Escajeda* and its progeny, the former could not be applied beyond the specific facts and circumstances of that case.

* * *

A non-retroactive change in the law cannot constitute an extraordinary and compelling reason justifying sentence reduction under § 3582(c)(1). Accordingly, we AFFIRM the district court's order denying Austin's motions.