# United States Court of Appeals
# for the Fifth Circuit

————————

No. 25-10368

————————

United States of America,

United States Court of Appeals
Fifth Circuit

**FILED**
June 10, 2025

Lyle W. Cayce
Clerk

*Plaintiff—Appellee*,

*versus*

Jimmy Steele,

*Defendant—Appellant*.

————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:08-CR-87-1

————————————————————

Before Southwick, Willett, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Jimmy Steele, federal prisoner #36989-177, moves for leave to proceed in forma pauperis (IFP) in his appeal from the denial of his 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release. Steele contends that the district court erred in finding that he had failed to demonstrate extraordinary and compelling circumstances under U.S.S.G. § 1B1.13(b)(6) and § 1B1.13(c), p.s. He further contends that the district court erred by

————————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

failing to consider and address his arguments that he had been rehabilitated and by failing to provide sufficient "factual analysis" or "individualized consideration of the record." According to Steele, the applicable 18 U.S.C. § 3553(a) factors favored compassionate release.

Steele has shown no arguable abuse of discretion in the district court's denial of his compassionate release motion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). We assume that the district court considered Steele's arguments regarding his rehabilitation. *See United States v. Batiste*, 980 F.3d 466, 479 (5th Cir. 2020). Additionally, the district court's order—wherein the court specifically found that "[a] reduction of Steele's sentence would not reflect the seriousness of his conduct, promote respect for the law, provide just punishment, or afford adequate deterrence to criminal conduct"—was sufficiently adequate to explain its reasoning. *See Chavez-Meza v. United States*, 585 U.S. 110, 115-16 (2018); *United States v. Escajeda*, 58 F.4th 184, 188 (5th Cir. 2023). At bottom, Steele's § 3553(a) arguments amount to a disagreement with how the district court balanced the § 3553(a) factors, which is not a sufficient ground for reversal. *See Chambliss*, 948 F.3d at 694.

Because Steele fails to identify a nonfrivolous argument that the district court abused its discretion by denying relief based on the balancing of the § 3553(a) factors, we need not consider his arguments regarding extraordinary and compelling circumstances *See United States v. Jackson*, 27 F.4th 1088, 1093 n.8 (5th Cir. 2022); *Ward v. United States*, 11 F.4th 354, 360-62 (5th Cir. 2021); *Chambliss*, 948 F.3d at 693.

Accordingly, Steele's IFP motion is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997); *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.