# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 19, 2025

Lyle W. Cayce
Clerk

No. 25-50045
Summary Calendar

———

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ROBERTO LOPEZ-URBINA,

*Defendant—Appellant*.

———

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:03-CR-190-2

———

Before RICHMAN, SOUTHWICK, and WILLETT, *Circuit Judges*.

PER CURIAM:[*]

Roberto Lopez-Urbina is currently serving an 855-month aggregate sentence for carjacking, carrying a firearm during a crime of violence, conspiring to use and carry a firearm during a crime of violence, and transporting stolen motor vehicles. He now appeals the district court's denial of his second motion for compassionate release under 18 U.S.C.

———

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

§ 3582(c)(1)(A)(i). He contends that the district court (1) failed to address his arguments that extraordinary and compelling reasons warrant his release, and (2) failed to provide a comprehensive analysis of the § 3553(a) factors.[1]

We review the denial of Lopez-Urbina's motion for abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). A defendant seeking compassionate release must establish both that extraordinary and compelling circumstances support relief *and* that release is warranted under the § 3553(a) factors. *See* 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Rollins*, 53 F.4th 353, 358 (5th Cir. 2022).

The district court did not address whether Lopez-Urbina had shown extraordinary and compelling circumstances. It denied the motion based solely on the § 3553(a) factors, concluding that they weighed against his release. Because that ground is independently sufficient, we likewise decline to consider Lopez-Urbina's first argument. *See United States v. Jackson*, 27 F.4th 1088, 1093 n.8 (5th Cir. 2022).

As for the § 3553(a) factors, Lopez-Urbina argues that the district court failed to explain why those factors did not support release. We disagree. The district court expressly considered the violent nature of Lopez-Urbina's underlying offenses, his supervisory role in their commission, and his disciplinary record in prison—including introducing drugs or alcohol into the institution, assaulting others, refusing to work, stealing, and possessing a hazardous tool. Based on that record, the court concluded that releasing Lopez-Urbina would be inconsistent with the § 3553(a) factors.

The district court was not required to provide a "point-by-point rebuttal" of Lopez-Urbina's arguments. *See Concepcion v. United States*, 597

---

[1] We will not permit Lopez-Urbina to incorporate by reference arguments raised in his district court pleadings. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

No. 25-50045

U.S. 481, 502 (2022); *see also United States v. Escajeda*, 58 F.4th 184 (5th Cir. 2023) (explaining that so long as the district court shows it considered the applicable § 3553(a) factors, it "[does] not need to say more"). Lopez-Urbina may disagree with the court's weighing of the factors, but that disagreement alone is "not a sufficient ground for reversal." *Chambliss*, 948 F.3d at 694.

The district court did not abuse its discretion in denying Lopez-Urbina's motion.

AFFIRMED.