# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 19, 2025

Lyle W. Cayce
Clerk

No. 24-50916
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JORGE ACOSTA-HERRERA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:16-CR-157-1

Before WIENER, WILLETT, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Defendant-Appellant Jorge Acosta-Herrera, federal prisoner # 75213-380, appeals the denial of his 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release. Acosta-Herrera contends that extraordinary and compelling reasons exist for his compassionate release, focusing on his status as a deportable alien and the harsh prison conditions he endured during the

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

COVID-19 pandemic.  He further argues that the district court, in finding that the 18 U.S.C. § 3553(a) factors did not warrant relief, provided insufficient reasons for its denial of his motion and failed to consider the arguments he made in his motion, including that he had been rehabilitated in prison, he has a low risk of recidivism, he "expressed remorse," and he has a "strong family support system awaiting him."

We review the denial of a motion for compassionate release for abuse of discretion.  *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).  We need not consider Acosta-Herrera's arguments concerning extraordinary and compelling reasons, because "we have regularly affirmed the denial of a compassionate-release motion . . . where the district court's weighing of the [18 U.S.C. §] 3553(a) factors can independently support its judgment." *United States v. Jackson*, 27 F.4th 1088, 1092–93 n.8 (5th Cir. 2022); *see Ward v. United States*, 11 F.4th 354, 360–62 (5th Cir. 2021).  Such is the case here.

Regarding the § 3553(a) factors, the district court cited "the nature and circumstances of [Acosta-Herrera's] offense and his criminal history and characteristics" and additionally found that reducing his "sentence would likewise fail to reflect the seriousness of his offense, promote respect for the law, provide just punishment for the offense, adequately deter criminal conduct, and protect the public from further crimes."  *See* 18 U.S.C. § 3553(a)(1), (a)(2)(A)–(C).  These grounds independently support the district court's denial of Acosta-Herrera's motion.

Moreover, we reject Acosta-Herrera's argument that the district court abused its discretion by failing to consider his various § 3553(a) arguments and provide sufficient reasons for its denial of his motion.  *See United States v. Escajeda*, 58 F.4th 184, 188 (5th Cir. 2023) ("[P]erfunctory orders justify a discretionary decision to deny relief . . . .").  The district court stated that it had reviewed Acosta-Herrera's motion and all applicable

pleadings, and its order demonstrates that it adequately considered his arguments and concluded that consideration of the § 3553(a) factors did not weigh in favor of relief. *See Concepcion v. United States*, 597 U.S. 481, 502 (2022); *United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009). The district court "did not need to say more." *Escajeda*, 58 F.4th at 188. Further, we can assume that the district court considered Acosta-Herrera's arguments regarding the § 3553(a) factors, even if it did not explicitly address any particular argument. *See United States v. Batiste*, 980 F.3d 466, 479 (5th Cir. 2020). At most, Acosta-Herrera's arguments challenging the district court's assessment of the § 3553(a) factors amount to no more than a disagreement with the district court's balancing of these factors, which is insufficient to show an abuse of discretion. *See Chambliss*, 948 F.3d at 694.

AFFIRMED.