# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 20, 2026

Lyle W. Cayce
Clerk

No. 25-30676
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee,*

*versus*

Michael Short,

*Defendant—Appellant.*

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:96-CR-232-1

_____

Before Stewart, Graves, and Oldham, *Circuit Judges.*

Per Curiam:*

Michael Short, federal prisoner # 22355-034, appeals the district court's denial of his 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release. Short contends that extraordinary and compelling reasons exist for his compassionate release, focusing on various changes in the law that he claims would result in a lower sentence if he were sentenced today. Based on

_____

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

those changes in the law, he argues that he has demonstrated extraordinary and compelling reasons warranting compassionate release under U.S.S.G. § 1B1.13(b)(6), p.s.    He additionally argues that he can demonstrate extraordinary and compelling reasons under U.S.S.G. § 1B1.13(b)(5), p.s., insofar as life sentences are rare in the federal criminal justice system and they represent a disparity when compared to the average or median of the respective sentences received by other federal defendants convicted of murder.

We review the denial of a motion for compassionate release for abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). Short's argument that non-retroactive changes to the law can constitute extraordinary and exceptional reasons justifying compassionate release where the changes would result in a lower sentence if he were sentenced today is foreclosed. *See United States v. Austin*, 125 F.4th 688, 692-93 (5th Cir. 2025).    Further, he fails to demonstrate that the length of his life sentences and any disparity between them and the average sentences received by other federal defendants convicted of murder is an extraordinary and compelling reason to justify compassionate release. *See United States v. Escajeda*, 58 F.4th 184, 186 (5th Cir. 2023).    Finally, he abandons, for failing to brief, his arguments raised in his compassionate release motion regarding his rehabilitation. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Because Short has shown no abuse of discretion in the district court's denial of his compassionate release motion, *see Chambliss*, 948 F.3d at 693, the order of the district court is AFFIRMED.