# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 4, 2025

Lyle W. Cayce
Clerk

No. 24-40414
Summary Calendar

———————————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JUAN ROBERTO RINCON-RINCON,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:12-CR-5-1

———————————————————————

Before HAYNES, HIGGINSON, and DOUGLAS, *Circuit Judges*.
PER CURIAM:[*]

Juan Roberto Rincon-Rincon, federal prisoner # 01996-379, is serving sentences of life imprisonment on his convictions of conspiring to possess with intent to distribute in excess of five kilograms of cocaine and 1,000 kilograms of marijuana and conspiring to import in excess of five kilograms of cocaine and 1,000 kilograms of marijuana. He now appeals the district

———————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

court's denial of his motion for compassionate release, filed pursuant to 18 U.S.C. § 3582(c)(1)(A).

In his pro se briefs, Rincon-Rincon primarily argues that he established the existence of extraordinary and compelling reasons under U.S.S.G. § 1B1.13(b)(6), p.s. However, contrary to his contentions, neither *Apprendi v. New Jersey*, 530 U.S. 466 (2000)—a case decided before he was sentenced—nor *Alleyne v. United States*, 570 U.S. 99 (2013), represents a change in the law that "would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the [compassionate release] motion [was] filed." § 1B1.13(b)(6). For the same reason, Rincon-Rincon's claimed ex post facto violation at sentencing based on the use of an incorrect Sentencing Guidelines manual does not qualify as a change in the law that constitutes an extraordinary and compelling reason. *See id.* Additionally, as Rincon-Rincon could have raised his claim of an ex post facto violation on direct appeal or in a 28 U.S.C. § 2255 motion, the claim cannot support a grant of compassionate release. *See United States v. Escajeda*, 58 F.4th 184, 187 (5th Cir. 2023).

Relying on *United States v. Haines*, 803 F.3d 713, 741-42 (5th Cir. 2015), a case decided after he was sentenced, Rincon-Rincon asserts that his jury was not instructed that it had to find the type and quantity of drugs that each defendant knew or should have known was involved in the conspiracy, and that, on account of this error, the maximum authorized sentence was 20 years of imprisonment. However, he did not raise this argument in the district court. We will not consider the contention for the first time on appeal. *See United States v. Thompson*, 984 F.3d 431, 432 n.1 (5th Cir. 2021); *Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

Rincon-Rincon also asserts that the district court abused its discretion by not determining that extraordinary and compelling reasons exist under

No. 24-40414

U.S.S.G. § 1B1.13(b)(5), p.s.  As Rincon-Rincon did not raise § 1B1.13(b)(5) as a ground for relief in the district court, we do not consider the contention for the first time on appeal.  *See Thompson*, 984 F.3d at 432 n.1.  Finally, because the district court denied compassionate release based on a determination that Rincon-Rincon failed to establish extraordinary and compelling reasons, it was not required to consider the 18 U.S.C. § 3553(a) factors.  *See United States v. Jackson*, 27 F.4th 1088, 1093 n.8 (5th Cir. 2022).

In view of the foregoing, the district court's denial of compassionate release is AFFIRMED.  To the extent that Rincon-Rincon requests that his appeal be held in abeyance, his motion is DENIED.