**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 24-10127

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

DANIEL WERT,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:97-cr-00001-CEM-DCI-13

————————————

Before JORDAN, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

Daniel Wert, who is proceeding *pro se*, is a federal prisoner serving a life sentence for conspiracy to possess with intent to distribute marijuana and cocaine. He appeals the district court's denial

of his motion for compassionate release and requests a new sentencing hearing. Following review of the record and the parties' briefs, we affirm.

## I

In the early 1990s, Mr. Wert became a part of a large interstate cocaine and marijuana trafficking organization. The leader of the organization paid Mr. Wert and two co-conspirators $10,000 each to kill Eloy Benevides over a disputed marijuana transaction. In October of 1993, Mr. Wert shot and killed Mr. Benevides; he and the two co-conspirators then buried Mr. Benevides' body in Volusia County, Florida. After the murder, Mr. Wert stopped delivering drugs for the organization. On October 13, 1993, authorities arrested Mr. Wert for possession of ten pounds of marijuana and possession of a firearm.

In April of 1997, Mr. Wert proceeded to a 14-day jury trial. The jury convicted Mr. Wert of a single count of conspiracy to possess with intent to distribute marijuana and cocaine in violation of 21 U.S.C. § 846. Mr. Wert had a criminal history category of IV and a total offense level of 43, resulting in a then-mandatory guideline sentence of life imprisonment. In July of 1997, the district court imposed a sentence of life imprisonment.

In September of 2021, Mr. Wert, proceeding *pro se*, moved for compassionate release pursuant to 18 U.S.C. § 3582. He later supplemented his motion asking, in the alternative, for a sentence reduction. The district court denied his motion. Mr. Wert ap-

pealed, and we remanded because the court's explanation was "insufficient for meaningful appellate review." *United States v. Wert*, No. 22-11965, 2023 WL 5745487, at *3 (11th Cir. Sept. 6, 2023). Mr. Wert filed two motions for "spoliation" while he awaited the district court's compassionate release decision on remand. *See* D.E. 615; D.E. 620. Simply put, he asked the court to presume that his original sentencing transcript—which is now unavailable—revealed favorable mitigating evidence to support his claims for compassionate release or a sentence reduction.

The district court denied Mr. Wert's motion for compassionate release. Mr. Wert again appealed. The court denied his first motion for spoliation before Mr. Wert filed his notice of appeal and denied the second motion for spoliation after he filed his notice of appeal.

## II

Mr. Wert contends the district court erred in denying his motion for compassionate release. First, he argues that the court abused its discretion by failing to adequately consider the 18 U.S.C. § 3553(a) factors. Second, he contends that the district court's denial of compassionate release violates the Ex Post Facto Clause and the Sixth Amendment to the United States Constitution. Third, he asserts that the court should have conducted a new sentencing

hearing and could not have properly weighed the § 3553(a) factors because his original 1997 sentencing transcript is unavailable.[1]

## A

"We review *de novo* whether a defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)." *United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021) (citing *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021)). "After eligibility is established, we review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for abuse of discretion." *Id.* (citing *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021)). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *Harris*, 989 F.3d at 911 (internal quotation marks and citation omitted).

---

[1] Mr. Wert also avers that his original appellate counsel's failure to request the sentencing transcripts constituted ineffective assistance of counsel, but he did not raise this issue below. We generally do not consider ineffective assistance claims without an evidentiary record below, and 18 U.S.C. § 3582 is not the proper means to raise such a claim. *See United States v. Abreu*, 840 F. App'x 457, 462 (11th Cir. 2020). *Accord United States v. Escajeda*, 58 F.4th 184, 188 (5th Cir. 2023) ("Because [the ineffective assistance] claims would have been cognizable under [28 U.S.C.] § 2255, they are not cognizable under § 3582(c)."); *United States v. Bass*, No. 21-1703, 2022 WL 16752876, at *1 (6th Cir. June 3, 2022) (stating that "a compassionate-release motion is not the proper vehicle for raising claims regarding ineffective assistance of counsel").

## B

A district court may grant compassionate release if (1) an extraordinary and compelling reason exists; (2) a sentencing reduction would be consistent with U.S.S.G. § 1B1.13; and (3) the § 3553(a) factors weigh in favor of compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Tinker*, 14 F.4th 1234, 1237–38 (11th Cir. 2021). The court may conduct the compassionate release analysis in any order. *See Tinker*, 14 F.4th at 1237. When it determines that one of these three requirements is not met, the court need not examine the others. *See id.* at 1238. Here, the court focused its analysis on the § 3553(a) factors. For the reasons we explain below, we discern no abuse of discretion and affirm.[2]

## 1

First, the district court did not abuse its discretion in balancing the § 3553(a) factors to determine that neither compassionate release nor a sentence reduction was warranted. The court analyzed the nature and circumstances of the offense, explaining that Mr. Wert belonged to a prolific drug distribution organization and killed someone while affiliated with that enterprise. The court also considered Mr. Wert's history and characteristics, doubting that

---

[2] To the extent that Mr. Wert has attempted to develop the record before this Court by providing an updated health history and rehabilitation record in his briefing, much of that information is not part of the actual record on appeal because it was not presented to the district court before it denied his motion. Therefore, we do not consider it for the first time on appeal. *See United States v. Trader*, 981 F.3d 961, 969 (11th Cir. 2020); Fed. R. App. P. 10(a).

Mr. Wert was remorseful. Nor did the court believe that Mr. Wert has been rehabilitated. Instead, the court explained that it could not disregard decades of denial of responsibility and disciplinary problems in favor of focusing on the last two years when Mr. Wert has avoided trouble.[3]

The district court then assessed the need for the sentence to reflect the seriousness of the offense, explaining that it is hard to imagine someone more dangerous than a person who killed a stranger for money. The court also factored in the need to protect the public, explaining that if Mr. Wert already took a life in exchange for money, he may be inclined to do so the next time he needs funds. After weighing the § 3553(a) factors, the court determined that Mr. Wert's life sentence was justified and that release was not appropriate.

On appeal, Mr. Wert maintains that the district court failed to consider his rehabilitation, his lack of danger to the community, and the disproportionate nature of his sentence under the current law. But courts do not need to specifically address each of the § 3553(a) factors or every piece of mitigating evidence. *See United States v. Taylor*, 997 F.3d 1348, 1354 (11th Cir. 2021) (citation omitted). Rather, the court must acknowledge that it considered the § 3553(a) factors and the parties' arguments. *See id.* at 1354–55. Here, the district court did exactly that. *See* D.E. 617 at 12 ("Having fully considered all the circumstances in light of the § 3553 factors,

---

[3] Mr. Wert now asserts that he "has consistently maintained his innocence regarding the murder allegation." Reply Br. for Appellant at 7.

the Court must conclude that Defendant has not satisfied his burden.").

Although Mr. Wert quarrels with how the district court weighed the § 3553(a) factors, the weight to be accorded to those factors is left to the sound discretion of the court, not to Mr. Wert. *See Tinker*, 14 F.4th at 1237. And when the court finds that one of the compassionate release requirements is not met, it need not examine the others, as the absence of one condition forecloses relief. *See id.* at 1238; 18 U.S.C. § 3582(c)(1)(A).

**2**

Mr. Wert also argues that the denial of his compassionate release violated the Ex Post Facto Clause and the Sixth Amendment because the district court should have considered changes in the law since his 1997 sentencing. Below, he asserted that if the 2021 sentencing laws were applied, his guidelines would be anywhere between 262 months and 405 months. On appeal, Mr. Wert argues that, under today's sentencing framework, he would not receive a life sentence because the court, not the jury, engaged in fact-finding to factor the murder into his sentence. And, he argues, he would no longer qualify for a mandatory minimum sentence.

A district court may consider non-retroactive changes to the law when deciding a motion for compassionate release. *See* U.S.S.G. § 1B1.13(c). Specifically, the Sentencing Commission provided in the 2023 amendment to its Policy Statement, as follows: "[I]f a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy

statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction." *Id.*

The permissive language in this policy statement demonstrates that the district court was permitted—but not required—to address the disparity between the 1997 mandatory guideline sentence and Mr. Wert's calculation of the 2021 advisory guideline range. *See id.* We have said many times that a district court "need not articulate the applicability of each [§ 3553(a)] factor, but the record must show that the pertinent factors were taken into account." *United States v. Johnson*, 877 F.3d 993, 997 (11th Cir. 2017) (internal quotation marks and citation omitted). Therefore, a court does not abuse its discretion when other factors outweigh the change in law. Additionally, the court did not engage in "judicial factfinding," as Mr. Wert calls it, by fully considering the record evidence of his offense in its § 3553(a) analysis. The court did not err by failing to explicitly address the changes in the law.

**3**

Mr. Wert argues that the district court could not properly consider the § 3553(a) factors because his original sentencing transcript is unavailable. He contends that the failure to consider the

24-10127              Opinion of the Court              9

original sentencing transcript constitutes a due process violation and warrants a new sentencing hearing.[4]

Although a district court may consider its balancing of the § 3553(a) factors at the original sentencing, we have never held that it must rely on the original sentencing court's statements in determining whether a sentence reduction is appropriate. *See generally Chavez-Meza v. United States*, 585 U.S. 109, 118–20 (2018). And a court does not abuse its discretion in denying compassionate release so long as "the record as a whole satisfies us that the judge considered the parties' arguments and had a reasoned basis for exercising his own legal decisionmaking authority." *Id.* at 119 (alterations adopted, internal quotation marks omitted, and citation omitted).

Mr. Wert cites *Griffin v. Illinois*, 351 U.S. 12 (1956), to support his contention that meaningful review requires an absolutely complete record. But he is incorrect that he is entitled to reversal. A criminal defendant must be afforded a "record of sufficient completeness" to permit proper consideration of his claims. *See Draper v. Washington*, 372 U.S. 487, 499 (1963) (citations omitted). Yet Mr. Wert is not entitled to a hearing on a motion for compassionate release, and this rule does not change because his original sentencing transcript is unavailable. *See United States v. Caraballo-Martinez*,

---

[4] We address this issue only insofar as the district court addressed it in the order denying compassionate release. As we will explain, Mr. Wert did not challenge the court's ruling on "spoliation" related to the sentencing transcripts.

866 F.3d 1233, 1249 (11th Cir. 2017) (citing *United States v. Phillips*, 597 F.3d 1190, 1198 n.18 (11th Cir. 2010)).

In Mr. Wert's case, the district court reviewed his lengthy presentence investigation report. We are satisfied that the district court thoroughly considered his arguments and determined that compassionate release was unwarranted. Accordingly, we affirm the district court's denial of compassionate release.

## III

Finally, the government contends that we lack jurisdiction to consider Mr. Wert's challenges to the district court's denial of his motions for spoliation. While spoliation is not a concept of criminal law, we use Mr. Wert's label as a shorthand for his motions asking the district court to presume that his original 1997 sentencing transcripts revealed favorable information. *See United States v. Lanzon*, 639 F.3d 1293, 1302 (11th Cir. 2011) (stating that "we have not recognized the spoliation doctrine in the criminal context"). But, based on our review, Mr. Wert has not attempted to appeal the denial of his spoliation motions.

Some context on the timing of the filings is helpful to understand why the government raises this point. After Mr. Wert filed his motion for compassionate release, he filed two motions for spoliation and miscellaneous relief. Mr. Wert signed the first motion

24-10127                Opinion of the Court                11

for spoliation on November 10, 2023, and the second motion on December 16, 2023.[5]

On December 20, 2023, the district court denied Mr. Wert's motion for compassionate release. The court did not address Mr. Wert's spoliation arguments in this order and noted that it did not need to rely on the missing sentencing transcripts. On December 29, 2023, three days after receiving Mr. Wert's second motion for spoliation, the court denied his initial one.

On January 4, 2024, Mr. Wert filed his notice of appeal, explaining that on January 3, 2024, he received the December 20, 2023, order denying his motion for compassionate release, which he wished to appeal. On July 25, 2024, the court denied Mr. Wert's second motion for spoliation. The issue is, therefore, whether the January 4, 2024, notice of appeal encompasses the December 29, 2023, order denying Mr. Wert's first motion for spoliation. We think it does not.

"[A]n appellate court has jurisdiction to review only those judgments, orders or portions thereof which are specified in an appellant's notice of appeal." *Weatherly v. Ala. State Univ.*, 728 F.3d 1263, 1271 (11th Cir. 2013) (quoting *Osterneck v. E.T. Barwick Indus., Inc.*, 825 F.2d 1521, 1528 (11th Cir.1987)). *See also* Fed. R. App. P. 3(c)(1)(B). And though "we generally construe a notice of appeal

---

[5] The docket reflects the motions as filed on November 15, 2023, and December 26, 2023. But "a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (internal quotation marks and citation omitted).

liberally, we will not expand it to include judgments and orders not specified unless the overriding intent to appeal these orders is readily apparent on the face of the notice." *Weatherly,* 728 F.3d at 1271 (quoting *Osterneck*, 825 F.2d at 1528). The notice of appeal is clear that Mr. Wert seeks to appeal the denial of his motion for compassionate release. Because Mr. Wert's notice of appeal does not demonstrate or suggest any intent to appeal the orders denying the spoliation motions, we do not review those orders.

Indeed, Mr. Wert does not mention the spoliation issue in his opening brief. Nor does Mr. Wert ever identify the orders denying his motions for spoliation as the ones being appealed. Only after the government raised the spoliation issue did Mr. Wert address the matter in his reply brief in a perfunctory manner without any controlling authority or case law. And we generally do not consider arguments advanced for the first time in an appellant's reply brief. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 682–83 (11th Cir. 2014) (citations omitted). We decline to do so now.

In sum, Mr. Wert did not identify the spoliation orders as the orders he sought to appeal. Mr. Wert timely and properly identified the court's order denying his motion for compassionate release in his notice of appeal. Thus, our review ends where our jurisdiction does—with the order that was properly identified and appealed.

## IV

We affirm the district court's denial of Mr. Wert's compassionate release motion.

**AFFIRMED.**